## 61242. GREGOROFF v. THE STATE.

CARLEY, Judge.

Appellant was indicted on three counts of prescribing drugs in violation of the Georgia Controlled Substances Act, Code Ann. Chapter 79A-8. From his convictions on two of the three counts, appellant brings this appeal.

1. In his first two enumerations of error appellant asserts that the trial court erred in denying his motions for a directed verdict of acquittal made after the state rested its case. Appellant moved to be acquitted after the state rested for the first time. The motion was denied, and the state was allowed to reopen its case and present additional testimony from its expert witness. After the state rested its case for the second time, appellant again made a motion for a directed verdict of acquittal. The trial court again denied the motion.

While appellant argues that the trial court abused its discretion in permitting the state to recall its expert medical witness for additional testimony after the state had rested and after appellant had moved for a directed verdict of acquittal, we reject this argument. "In analyzing whether this procedure was erroneous, we must begin with the general proposition that the trial judge is clothed with a very broad discretion in the matter of allowing additional evidence at any stage of a trial, and his decision in this regard will not be interfered with except where it appears there has been an abuse of this discretion. [Cits.] This discretion extends to allowing the state to reopen the case and recall a witness for the purpose of amplifying testimony previously given." *Flynt v. State,* 153 Ga. App. 232, 244 (264 SE2d 669) (1980). Appellant has shown no abuse by the trial court of its broad discretion in permitting the state to reopen the case and present additional testimony of its expert medical witness. Therefore, we address the propriety of the trial court's denial of the motion for directed verdict of acquittal based upon the evidence of record at the time the state rested its case against appellant for the second and final time.

We find no error in the trial court's refusal to grant appellant's motions for directed verdicts of acquittal. "In reviewing [the trial

court's denial of a motion for a directed verdict of acquittal], the proper standard to be utilized by this court is the 'any evidence' test." *Smith v. State,* 146 Ga. App. 444, 446 (246 SE2d 454) (1978). Testimony proffered by the state's witnesses in this case was clearly sufficient to authorize the trial court to submit the case to the jury. Accordingly, appellant's first two enumerations of error are meritless.

2. In three related enumerations appellant contends that the trial court erred in refusing to rule out testimony given by the state's expert medical witness in response to an allegedly improper hypothetical question. The record discloses that the objection to the hypothetical question and the response given thereto by the expert witness was as follows: "Your Honor please, I move to strike the question and answer from the record in that the hypothetical was not proper." This objection clearly lacks the requisite specificity to permit meaningful review of its merits by the trial court, and for this reason the objection was properly overruled. See *Allen v. State,* 152 Ga. App. 481 (2) (263 SE2d 259) (1979); *Goldsmith v. State,* 148 Ga. App. 786 (9) (252 SE2d 657) (1979). The trial court did not err in failing to strike the state's hypothetical question or the response given to the question by the state's expert witness.

3. In his seventh enumeration of error appellant asserts that the trial court "erred in allowing evidence of prescriptions written by Dr. Gregoroff on November 28, 1979, which were not complained of or in any way referred to in the indictment." Such evidence was admissible as bearing on appellant's bent of mind. See *State v. Johnson,* 246 Ga. 654 (272 SE2d 321) (1980). The trial court properly instructed the jury to consider evidence of the prescriptions written on November 28, 1979, *only* to the extent that "it might tend to illustrate the [appellant's] state of mind on the subject involved, if you think it does illustrate it, and for no other purpose is this evidence admitted." Consequently, we find appellant's assertion of error unpersuasive.

4. Appellant argues that the trial court should have granted his motions for mistrial made in response to allegedly improper argument of the prosecuting attorney. After the state had finished its closing argument, but before the trial court charged the jury, appellant's counsel moved for a mistrial on two grounds: 1) that the prosecuting attorney had made an impermissible reference in his closing argument to clemency, and 2) that the prosecuting attorney "had injected . . . material which was not in evidence" into his closing remarks. The trial court denied these motions as not timely made. We disagree with the trial court's reasoning in this regard and hold that appellant's motions, having been made prior to the jury charge, were

timely. See *Bethea v. State,* 149 Ga. App. 312, 314 (254 SE2d 468) (1979).

Nevertheless, we find that the trial court did not err in refusing to declare a mistrial in this case. The prosecuting attorney's comment on "clemency" was in actuality an entirely permissible statement to the jury that the *trial court,* rather than the jury, had the duty of setting the punishment to be meted out if the accused was found guilty. See *Berrian v. State,* 139 Ga. App. 571 (1) (228 SE2d 737) (1976).

The second ground for granting a mistrial urged upon us by appellant is also without merit. The record discloses that the remark of the prosecuting attorney which appellant alleges, "injected, as if in evidence material which was not in evidence" approached but was not outside the parameters of the wide latitude accorded counsel for the state in such cases and did not impermissibly allude to facts which were not in evidence within the meaning of Code Ann. § 81-1009. See *Ferrell v. State,* 149 Ga. App. 405 (10) (254 SE2d 404) (1979). Appellant's motions for mistrial were properly denied.

5. Appellant further contends that the trial court's failure to give his requested charge on the defense of entrapment constituted harmful error. It is undisputed that appellant, while admitting that he issued the prescriptions forming the basis for this prosecution, steadfastly maintained that he issued the prescriptions for "legitimate medical purposes." Under identical circumstances this court has held that a charge on entrapment is not authorized. *White v. State,* 146 Ga. App. 810 (1) (247 SE2d 536) (1978). Appellant's tenth enumeration of error is without merit.

6. In his eleventh enumeration appellant asserts that the Georgia Bureau of Investigation (GBI) lacked legal authority to conduct the investigation which led to his arrest, while in his twelfth enumeration of error appellant contends that he was erroneously denied his right to a full administrative review of his case prior to the initiation of court proceedings. These precise arguments were rejected by our Supreme Court in *Strong v. State,* 246 Ga. 612 (6, 7) (272 SE2d 281) (1980).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED APRIL 8, 1981 —
REHEARING DENIED APRIL 24, 1981 —

*A. Lee Parks, Jr., Robert N. Meals,* for appellant.
*Lewis R. Slaton, District Attorney, Margaret V. Lines, Joseph J. Drolet, Gordon Miller, H. Allen Moye, Assistant District Attorneys,*

for appellee.