## 66359. MORRIS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of burglary and appeals. *Held:*

1. The defendant was apprehended at the scene of the burglary. His sole defense was merely that he was in the area taking a shortcut home during or after the burglary, but was not involved in any way. The state, however, contends the defendant had been apprehended while fleeing from a wholesale battery company which was obviously being burglarized at the time he was caught. A deputy sheriff testified he observed the defendant "come running out of the building with a battery in his hand. He dropped the battery and ran on to the fence [and] my partner had caught him and was pulling him off of the fence when I got to him."

Defense counsel in the cross-examination of an investigator with the sheriff's department was endeavoring to show that if defendant was a participant he had no means to transport the heavy batteries that had been removed. Counsel asked the officer whether he had searched the area and did he find any vehicles that could be traced to this defendant such as, "a truck or a big automobile." The officer answered in the negative, then added that "they were asked that, if they had a vehicle there. We asked them where the car was . . . They did not give us any statement at all . . ." Whereupon, defense counsel objected and moved for a mistrial. The jury was excused and defense counsel then argued that the officer had gratuitously asserted that the defendant and co-defendant had remained silent which was highly prejudicial and same could not be cured by cautionary instructions since any instructions to the jury referring to his right to remain silent at the time of apprehension would do nothing more than increase the prejudice that has come from the referral to this man's assertion of that right. The motion was overruled and the jury returned. No curative instructions were given whatsoever since

counsel did not desire same, although it could have clearly been corrected as to the gratuitous assertion by the officer had there been such a request. Further, the witness could have been reprimanded for his gratuitous remarks. Still, not every comment directed toward a defendant's silence will result in an automatic reversal. See *Smith v. State,* 244 Ga. 814, 815 (262 SE2d 116). Just as in the *Smith* case the comment of the witness in the case sub judice was unrelated to the defendant's innocence, nor was it related to his defense in any way. At page 816 of *Smith v. State,* supra, the Supreme Court held: "To reverse a conviction the evidence of the defendant's election to remain silent must point directly at the substance of defendant's defense or otherwise substantially prejudice the defendant in the eyes of the jury. No such situation exists here." Similarly, we find no reversible error. The enumeration of error complaining of the unresponsive testimony of the witness as calling attention to the defendant's refusal to make a statement following his arrest and in failing to grant defendant's motion for mistrial made simultaneously on the same ground is not meritorious.

2. During defense counsel's final argument to the jury, which is not completely transcribed, the district attorney objected that the counsel was arguing possible punishment which was improper and that the jury merely returns a verdict of guilty or not guilty and punishment lies solely within the discretion of the court, which is within the province of the court to decide. Defense counsel then stated that he was merely arguing in generalities as to the constitutional process in this country and was not talking about this particular defendant. Whereupon, the court made an instruction to the jury as to their function to find defendant "either innocent, not guilty, or guilty" and the function of the jury is not to punish or consider punishment which is a function of the court. The trial court then charged further that after the jury finds "this or any other defendant guilty" that is the end of their deliberations. The court then added that it reviews "the regular information about the individual and decides on punishment, possibly including the penitentiary, possibly including probation, possibly including fines, or a whole range of possibilities with this or any other defendant who is found guilty by the jury." Whereupon counsel for defendant again moved for mistrial because the court is specifically prohibited to charge on the possibility of probation. The court did not rule on the motion, but merely stated that counsel had noted it for the record. It was proper for the trial court to instruct the jury that the court rather than the jury had the duty of setting the punishment to be meted out if the accused was found guilty. See *Berrian v. State,* 139 Ga. App. 571, 572 (1) (228 SE2d 737); *Gregoroff v. State,* 158 Ga. App.

363, 364-365 (4) (280 SE2d 373), rev'd on other grounds, s.c., 248 Ga. 667 (285 SE2d 537). We do not find this statement with reference to punishment and the fact that the trial court could possibly grant probation or time in the penitentiary or a fine as reversible error although the better practice would have been for the court to have ended its comment after instructing the jury as to its duty with reference to guilt or innocence. There is no merit in this complaint.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JULY 7, 1983.

Richard E. Allen, for appellant.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.