A97A1063. NEWTON v. THE STATE.
(486 SE2d 715)

BEASLEY, Judge.

Following denial of his motion for new trial, Newton appeals his conviction of possession of cocaine. OCGA § 16-13-30.

City of Augusta police officer Burton testified that between 2:45 and 3:00 a.m. on August 24, 1994, he was on patrol when he observed Newton standing with a known prostitute and a third individual on a street corner in a known drug area. After positioning himself in front of them and activating his takedown lights and spotlight, Burton observed Newton reach into his right front pants pocket and throw a shiny object to the ground. After another officer arrived, Burton walked to where Newton had been standing and retrieved a package of cigarettes which had a wad of aluminum foil in it. He opened the aluminum foil and observed five pieces of rock-like substances which appeared to be crack cocaine.

He asked to whom the cigarettes belonged. Newton said his cigarettes were in his vehicle over the sun visor, and his two companions said they did not smoke. After checking the sun visor and finding no cigarettes, Burton arrested Newton and transported him to police headquarters. The substance in the aluminum foil tested positive for cocaine. At trial, Newton denied throwing anything from his pocket

at the time in question.

1. The first enumerated error is the failure to exclude evidence that Newton asserted his post-arrest, post-*Miranda* right to remain silent.

On direct examination, Burton was asked what steps he took after arriving at headquarters. He responded, "The crack cocaine was placed in the evidence room to be sent to the Augusta Crime Lab for expert testing. Mr. Newton was read his rights, at which time he refused to give any oral or written statements."

No objection was raised nor motion for mistrial made, so there is no trial court ruling for appellate review in this regard. And as the law stands now, the trial court is not required to take action sua sponte when this type of inadmissible evidence which approaches abridgement of a defendant's Fifth Amendment right to remain silent comes into the jury's ken. Thus defendant waived the right to complain on appeal. *Brewer v. State*, 219 Ga. App. 16, 19 (4) (463 SE2d 906) (1995). Neither did defendant raise any objection with respect to his state constitutional right against self-incrimination. Ga. Const. of 1983, Art. I, Sec. I, Par. XVI.

Nevertheless, we point out that the comment should not have been made. It was clearly gratuitous because the witness was asked what *he* did, not what *defendant* did or did not do. The State is obligated to prepare its law enforcement witnesses to preclude inadmissible evidence.

The Supreme Court of Georgia has held that "[t]o reverse a conviction the evidence of the defendant's election to remain silent must point directly at the substance of defendant's defense or otherwise substantially prejudice the defendant in the eyes of the jury." *Smith v. State*, 244 Ga. 814, 816 (262 SE2d 116) (1979). The analysis in *Smith* rests on *Doyle v. Ohio*, 426 U. S. 610 (96 SC 2240, 49 LE2d 91) (1976). Thus, "not every comment directed toward a defendant's silence will result in an automatic reversal. [Cit.]" *Morris v. State*, 167 Ga. App. 351, 352 (1) (306 SE2d 409) (1983). The officer's comment did not point to the defendant's defense and did not relate to his innocence. Nor was there any other evidence or commentary concerning this subject. Under these circumstances, we do not find "substantial prejudice" such that defendant's trial was fundamentally unfair. *Smith*, supra; *Duck v. State*, 250 Ga. 592, 595 (300 SE2d 121) (1983). Compare *Gibbs v. State*, 217 Ga. App. 614 (458 SE2d 407) (1995).

2. Newton contends the State failed to prove guilt beyond a reasonable doubt because there is no evidence linking him to the cigarette package found by the officer.

Whether the officer's testimony was sufficient to connect Newton to the cigarette package and thus to the cocaine was a jury question. On appeal of a guilty verdict, we do not redetermine the factual

issues decided by the jury nor the weight of the evidence, but only its sufficiency under the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Winn v. State,* 215 Ga. App. 120 (1) (449 SE2d 667) (1994). Viewed to support the verdict, the evidence was sufficient to enable a rational trier of fact to find Newton guilty beyond a reasonable doubt of possession of the cocaine.

3. As to the asserted break in the chain of custody of the contraband, "this issue was not preserved for appeal by any objection at trial. Defendant thus waived any error. [Cits.]" *Mathis v. State,* 204 Ga. App. 244, 245 (2) (418 SE2d 800) (1992).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MAY 16, 1997.

 Before Judge Fleming.

*Lawrence D. Galehouse,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.