A97A2501. JAMES v. THE STATE.
(497 SE2d 389)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of armed robbery. The evidence adduced at trial reveals that defendant entered a Waycross, Georgia convenience store, retrieved some merchandise and then forced the store's clerk to give him the contents of the cash register. The store's clerk testified at trial that defendant committed the crime. A video surveillance camera recorded the armed robbery. This recording was displayed to the jury. Defendant filed this appeal after the trial court denied his motion for new trial. *Held*:

Defendant contends the State improperly injected proof that he exercised his right to remain silent after arrest.

"The Supreme Court of Georgia has held that 'to reverse a conviction the evidence of the defendant's election to remain silent must point directly at the substance of defendant's defense or otherwise substantially prejudice the defendant in the eyes of the jury.' *Smith v. State*, 244 Ga. 814, 816 (262 SE2d 116) (1979). The analysis in *Smith* rests on *Doyle v. Ohio*, 426 U. S. 610 (96 SC 2240, 49 LE2d 91) (1976). Thus, 'not every comment directed toward a defendant's silence will result in an automatic reversal. (Cit.)' *Morris v. State*, 167 Ga. App. 351, 352 (1) (306 SE2d 409) (1983)." *Newton v. State*, 226 Ga. App. 501, 502 (1) (486 SE2d 715). In the case sub judice, defendant claims such prejudice based on the following excerpt from the State's attorney's direct examination of Officer Lawrence Ethridge of the Waycross Police Department: "[STATE'S ATTORNEY:] Okay. Once [defendant] was placed under arrest, did you advise [him] of his rights? A. I did, but [defendant] stated to me he wasn't the one; he wanted a lawyer. That was the end of the conversation." This testimony, while injecting the fact that defendant invoked his constitutional rights, does not attack the substance of defendant's sole defense — misidentification. Defendant, nonetheless, argues that Ethridge's improper testimony and questions by the State's attorney (following the trial court's instruction for Ethridge not to mention that defendant had invoked his right to remain silent) substantially prejudiced him in the eyes of the jury.

After Ethridge's testimony that defendant stopped talking and invoked his right to an attorney, defense counsel objected and moved for a mistrial. The trial court responded by instructing Ethridge not to mention that defendant had invoked his right to remain silent and by denying defendant's motion for mistrial. The following then transpired: "[STATE'S ATTORNEY:] Now, Detective Ethridge, you indicated to us before we broke that [defendant] did not wish to speak with you; is that correct? A. Yes, sir. Q. Okay. Was he transported to the jail? A. This was done at the jail, sir. Q. What? A. This was done at the jail, sir. He was transported to the jail, yes, sir. Q. All right. Now, did you initiate any more conversation with [defendant]? A. No, sir. Q. Did he initiate any conversation with you? A. No, sir. Q. Detective Ethridge, I direct your attention to the second page of your supplement, if you would look at that. A. Yes, sir. Go ahead. Q. Now, Detective Ethridge, after referring to your report, let me re-ask the question. Did [defendant] ever talk to you any more about this incident? A. This was done during the conversation. He stated that he stayed at the Almar Hotel that particular night of the robbery. Q. So the Defendant told you he was at the Almar Motel [sic]? A. Yes, sir. Q. Okay. Did he tell you anything else? A. He just couldn't remember

the room, he stated to me. He stated he did go to the hotel and [gave] the key to the clerk."

While we disapprove of the State's attorney's questions which appear to violate the trial court instruction for Ethridge not to mention defendant's silence after arrest, we find no basis for review because defense counsel did not object when the State's attorney questioned Ethridge about defendant's silence. See *Newton v. State*, 226 Ga. App. 501, 502 (1), supra. Moreover, in light of overwhelming evidence of defendant's guilt, we find it highly unlikely that injection of any improper evidence regarding defendant's post-arrest silence substantially prejudiced defendant in the eyes of the jury. See *Shelton v. State*, 220 Ga. App. 163, 164 (2), 165 (469 SE2d 298).

The trial court did not err in denying defendant's motion for new trial.

*Judgment affirmed. Beasley and Smith, JJ., concur specially.*

BEASLEY, Judge, concurring specially.

I concur for the reason that the testimony objected to did not require a mistrial, but I do not agree that all of the testimony quoted in the majority opinion constituted comment on James' right to remain silent. Nor do I agree that all of the State's questions quoted in the majority opinion violated the court's instruction to the witness.

There are two instances in the officer's testimony which James contends constituted impermissible comment on his invocation of the right to remain silent. The only one objected to at trial was the second portion of James' reaction to the officer's advising defendant of his rights after he arrested him. James' reaction was to deny he was the robber, which is not an invocation of his right to remain silent, and to say he wanted a lawyer, which infers that he did not want to talk further, at least then. This latter statement is prohibited from introduction because the rule is that "[e]vidence as to silence on the part of the defendant at the time of his arrest should be excluded when objected to, for he is then entitled to remain silent, and the prosecution may not use against him the fact that he stood mute or claimed his privilege. (Cit.)" *Reid v. State*, 129 Ga. App. 660, 664 (5) (200 SE2d 456) (1973). See *Doyle v. Ohio*, 426 U. S. 610 (96 SC 2240, 49 LE2d 91) (1976).

The second instance complained of occurred when the State resumed examining the officer after the court had ruled on the mistrial motion out of the presence of the jury. The State picked up where it had left off and asked whether it was correct that James did not wish to speak with the officer, to which question the officer responded affirmatively. That brought to the jury's attention quite directly James' reliance on his constitutional right. But defendant did not object, ask for curative instructions, move to strike that ques-

tion and answer, or seek a mistrial. So the possible issue was not preserved for appellate review. *Wilson v. State*, 259 Ga. 55, 57 (4) (376 SE2d 676) (1989); *Brewer v. State*, 219 Ga. App. 16, 19 (4) (463 SE2d 906) (1995). The trial court is not required to take action sua sponte when such evidence emerges. *Newton v. State*, 226 Ga. App. 501, 502 (1) (486 SE2d 715) (1997).

The testimony that followed constituted evidence of information volunteered by James about his whereabouts on the night of the robbery, not comment on his right to remain silent. So it is outside the target area. "[A] defendant who voluntarily speaks after receiving *Miranda* warnings has not been induced to remain silent; as to the subject matter of his statements, the defendant has not remained silent at all. [Cits.]" *Nichols v. State*, 210 Ga. App. 134, 138 (6) (435 SE2d 502) (1993).

In the context of the enumeration of error, then, the only question properly before us is whether the trial court was required by law to declare a mistrial because the officer impermissibly testified that James stated "he wanted a lawyer." This invocation of his constitutional right to counsel, viewed as inherently including reliance on the right to remain silent, " 'did not point directly at the substance of [James'] defense or otherwise substantially prejudice [him] in the eyes of the jury.' " *Newton v. State*, supra.

And as stated in *Smith v. State*, 244 Ga. 814, 815-816 (1) (262 SE2d 116) (1979), "[e]very comment directed toward a defendant's silence will not be cause for an automatic reversal. . . . [T]he bare introduction of evidence regarding the silence of an accused" is not always error. The real issue is whether the remark "had produced a trial which was fundamentally unfair so as to deny appellant due process." Id. at 815. Considering the nature of the remark, its context, the whole body of evidence and the absence of a request that the remark be stricken and the jury instructed to disregard it, I agree that it did not "substantially prejudice the defendant in the eyes of the jury." Id. at 816. Like the situation in the *Smith* case, "the harm to defendant as illustrated in *Doyle v. Ohio* . . . is not present here." Id. at 816. Similar to the facts in this case is *Duck v. State*, 250 Ga. 592, 594 (1) (300 SE2d 121) (1983), where it was held that the evidence that the arrestee asked to contact his lawyer did not violate the defendant's Fifth Amendment rights.

Nevertheless, the State is obligated to strictly abide by constitutional mandates and to vigilantly avoid incursions on citizens' rights which are aimed at securing a fair trial. It is bound to prepare its witnesses accordingly. Law enforcement officers have the same duty of diligence. Our courts have not yet deemed it necessary to impose a mistrial whenever a breach of this type occurs, but that does not lessen the importance of affording full respect to rights which the

state and federal constitutions guarantee. The guarantees depend for their efficacy on adherence by the State and its law enforcement officers, failing which the courts must intervene.

My third departure from the majority opinion is that I do not find this to be a case of "overwhelming evidence of defendant's guilt." Several of defendant's witnesses who had viewed the videotape testified that the robber was not James but another identified person, and one witness testified he had been in the store so close in time that he was pictured on the videotape and that James, whom he knew, was not there. This diametrically opposed evidence is enough to prevent the State's inculpatory evidence from being "overwhelming." Moreover, the videotape is not in the record and we have not seen James, so we cannot say there is no reasonable doubt he is the person whose image was captured on film.

I am authorized to state that Judge Smith joins in this special concurrence.

DECIDED FEBRUARY 17, 1998.

*John D. Staggs*, for appellant.
*Richard E. Currie, District Attorney, Alexander J. Markowich, Assistant District Attorney*, for appellee.