A95A1327. GREEN v. THE STATE.
(463 SE2d 133)

McMURRAY, Presiding Judge.

Defendant was charged in an indictment with burglary, rape, kidnapping, aggravated sodomy, and aggravated assault. The evidence at his jury trial showed that on January 13, 1993, Sergeant M. L. Hendricks of the Atlanta Police Department was dispatched to the victim's residence. There he found the victim in the company of her friend, Tammy Allen. The victim was "very nervous, very nervous, shaking and trembling, and when [Sergeant Hendricks] first said something to her she didn't respond." Sergeant Hendricks noticed that the bedroom was "in disarray, [. . . in that] the sheets were not on the bed [and] there were some clothes laying in the floor." After a moment, the victim "took a deep breath and said, 'I can talk to you about it now.'" The victim is a "paraprofessional teacher [with the Atlanta Public Schools, working] with a program for exceptional children." She had known defendant for about five years, but they never dated. On the evening of January 12, 1993, defendant saw the victim at Underground Atlanta and wanted her telephone number. She refused to give him her telephone number and address. Nevertheless, "that evening when [she] got home he called, and [she] said, 'How did you get my phone number?'" Defendant called her again, at approximately 4:00 a.m. He offered her "$100 just to stay off work and spend some time . . ." with him. The victim refused and hung up the telephone. Within seconds, defendant called back and the victim "hung up on him again." "About 15 or 20 minutes [later]," defendant appeared at the victim's front door. She told him that her fiance "'Omar [Washington] is on his way here to get [four-year-old] Christa and I don't have time to play with you.' And [defendant] said, 'I'm tired of you rejecting me. I'm tired of you acting like you don't want to be with me." Defendant "grabbed [the victim] around [her]

neck and kicked back with his foot and closed the door." Defendant "tried to kiss [her] and [she] kept turning to the side. [The victim] said, 'Eric, I don't want to kiss you. Please leave me alone.' And then [defendant] pushed [her] down the hallway." Awakened by the commotion, the victim's four-year-old daughter "came out of [her bedroom] and said, 'What's wrong, Mommy?' And [defendant] said, 'You better not tell her something's wrong or I'm going to hurt you. I'm going to kill you.'" Defendant pushed the victim down on the bed and told her she "better do what he told [her] to or he was going to hurt [her]." The victim was wearing "a blue dress, and [defendant] ripped the buttons off the bottom and ripped [her] underwear. . . ." While committing an act of oral sodomy on the victim, defendant also bit the victim on her genitals and her breasts. Defendant then had intercourse with the victim, who "kept fighting the whole time. . . ." While the defendant was in another room, the victim telephoned her close friend, Tammy Allen, who was then the "assistant manager of the complex." Defendant testified that their sexual relations were consensual but that a fight subsequently ensued because defendant was unable to give the victim $100.

The jury found defendant guilty of sexual battery as a lesser offense included within the indicted offense of rape and acquitted him of all other charges. His motion for new trial was denied, and this appeal followed. *Held*:

1. Defendant enumerates the general grounds. The crime of sexual battery is committed when a person "intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person." OCGA § 16-6-22.1 (b). "Although the evidence was in conflict as to whether the prosecutrix voluntarily submitted to [any sexual contact, including] intercourse, it was for the jury to resolve such conflicts in the testimony. The jury resolved this conflict in favor of the [S]tate, and this [C]ourt will not substitute its judgment [as to witness credibility] for that of the jury. [Cits.]" *Glover v. State*, 237 Ga. 859 (1), 860 (230 SE2d 293). Thus, although defendant contends in the case sub judice that the victim lied, the evidence is nevertheless sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of sexual battery. *Ochle v. State*, 218 Ga. App. 69, 71 (1) (459 SE2d 560).

2. Next, defendant contends the trial court erred in "prohibiting [him] from presenting evidence of motive to the jury." After the trial court sustained a relevancy objection by the State's Attorney, defendant proffered the testimony of Lanira Davis, who would have testified that the victim told her "she would do anything to marry him [Omar Washington] because she was a single woman with two kids by two

different fathers, and she wanted the kind of life her parents or anybody else expected from her, and what man would want her with two kids by two [fathers], and really no future for them. And that's why she wanted Mr. Washington to stay around and be with her and marry her." Lanira Davis speculated that defendant represented a threat to the victim's relationship with Omar Washington. Defendant argues that "Lanira Davis' testimony shows a possible motive of [the victim] to fabricate the charges."

In our view, this evidence pointing to an inference of jealousy was entirely cumulative of the testimony of the victim herself, of the defendant himself, and of the self-described fiance, Omar Washington. It is not error to exclude otherwise relevant evidence if its probative value is substantially outweighed by considerations of avoiding the needless presentation of cumulative evidence from which the jury might or might not draw a certain inference. *Deters v. State,* 261 Ga. 186 (3) (b), 187 (402 SE2d 733). Compare *Brinson v. State,* 201 Ga. App. 80 (1), 81 (410 SE2d 50), where demonstrative evidence of that defendant's visual impairment could "scarcely be deemed to be only cumulative of his merely oral testimony." This enumeration is without merit.

3. Defendant's final enumeration contends the trial court erred in overruling his motion for new trial on the ground that he received ineffective assistance of counsel. The specifications of alleged professional errors are that trial counsel "elicited evidence of [defendant's] post-Miranda silence[; . . .] did not object to evidence of pre-trial negotiations between [defendant], the victim and counsel[; and . . . that] [c]ounsel failed to object to improper testimony from state witnesses."

"In order to establish ineffectiveness of trial counsel under *Strickland v. Washington,* 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), [defendant] must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable." (Citations and punctuation omitted.) *Stephens v. State,* 265 Ga. 120, 121 (2) (453 SE2d 443). "There is a strong presumption that trial counsel's performance 'falls within the wide range of reasonable professional assistance' and that any challenged action ' "might be considered sound trial strategy." ' [Cit.] . . . In the absence of testimony to the contrary, counsel's actions are presumed strategic. *Stanley v. Zant,* 697 F2d 955 (11th Cir. 1983), cert. denied, 467 U. S. 1219 (1984)." *Earnest v. State,* 262 Ga. 494, 496 (5) (422 SE2d 188). The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.

*Smith v. State*, 256 Ga. 483 (351 SE2d 641).

(a) At the outset, we note that trial counsel secured acquittals of each felony charged in the indictment, i.e., burglary, rape, kidnapping, aggravated sodomy, and aggravated assault, with defendant's sole conviction being for the misdemeanor of sexual battery. This circumstance strongly supports the conclusion that the assistance actually rendered by defendant's trial counsel fell within that broad range of reasonably effective assistance which members of the bar in good standing are presumed to render. *Johnson v. State*, 214 Ga. App. 77 (1), 79 (447 SE2d 74). Accord *Bishop v. State*, 155 Ga. App. 611, 614 (2) (a) (271 SE2d 743).

(b) Trial counsel was not called to explain his conduct and defendant adduced no expert testimony to show that the choices made during trial fell below the standard of reasonably effective assistance. " ' "The decisions on which witnesses to call, whether and how to conduct cross(-)examinations, what jurors to accept or strike, what trial motions should be made, and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with [the] client." [Cits.]' [Cit.]" *Johnson v. State*, 214 Ga. App. 77 (1), 79, supra. In the case sub judice, defendant's "trial counsel made [such decisions] and, that [he] did so, affords [defendant] no ground for a new trial. 'If we continue to second guess trial counsel on strategy and tactics when counsel have faithfully and diligently performed their function, we would have a proliferation of appeals on the flimsiest of grounds. "It is important for appellate judges to remember that '(a) defendant is entitled to a fair trial but not a perfect one, for there are no perfect trials.' (Cits.)" (Cit.)' *Stripling v. State*, 155 Ga. App. 636, 637 (2) (271 SE2d 888) (1980)." *Anderson v. State*, 206 Ga. App. 354, 355 (2) (426 SE2d 6). In the case sub judice, it is "sufficient to note that 'strategic choices (made) after thorough investigation . . . are virtually unchallengeable.' *Strickland*, supra. . . . [Cit.] The trial court found, and the evidence supports the finding, that trial counsel thoroughly investigated the case and prepared for trial. [Defendant] has shown nothing that would [rebut the strong presumption] that his trial counsel . . . exercise[d] reasonable professional judgment in his handling of the case. See *Ferrell v. State*, 261 Ga. 115 (3) (401 SE2d 741) (1991)." *Stephens v. State*, 265 Ga. 120, 121 (2), 122, supra.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

Decided October 3, 1995.

*Juwayn Haddad*, for appellant.
*Lewis R. Slaton, District Attorney, Leonora Grant, Herman L.*

*Sloan, Assistant District Attorneys*, for appellee.

