## A96A0948. BINION v. THE STATE.
### (474 SE2d 208)

MCMURRAY, Presiding Judge.

Defendant was charged in an indictment with aggravated assault upon a police officer. The evidence at his jury trial revealed that defendant and his brother, George Binion, were "sitting in [their mother's] house watching TV, and both of [them] had been intoxicated. . . . [Defendant] started acting a little kind of crazy like, so [George Binion] just went ahead and called the police." Defendant went into his bedroom and George Binion heard a sound, "like I heard a click of a rifle." George Binion "assumed it was [defendant's rifle] because ain't nobody else in the house got a gun no way." Corporal John G. Williams of the Morgan County Sheriff's Office responded to the call, wearing his uniform and driving a marked sheriff's vehicle with blue lights. George Binion came up to Corporal Williams and "stated that '[defendant's] in the house. He got a gun, and it's loaded.' At this time, [Corporal Williams] walked up on the . . . step, . . . pulled his weapon, and . . . knocked on the door. [Defendant] came to the door, snatched it open and said 'Who is it?' When [Corporal Williams] looked around, [defendant] was standing there with the rifle, and [Corporal Williams] brought [his] weapon up," pointing it at defendant, "[b]ecause [defendant] was standing out there with the gun. He had the gun pointed in my direction, and he started up with the gun, but he changed his mind for some reason," and ran down a hallway. Corporal Williams kept telling defendant to "Come on out and put the gun down." Defendant "said, 'I ain't putting down a damn thing. If you come back here, I'm gonna shoot the shit out of you.' " Corporal Williams affirmed that defendant was able to see him in uniform.

After being informed by the trial court that the accused has the "right to testify, and if you want to testify that no one can prevent you from doing so," defendant informed the court that, "[n]o sir, [he did] not . . ." wish to testify in his own defense.

The jury found defendant guilty as charged. The trial court sentenced him to twenty years with ten years to serve, followed by probation. Defendant's motion for new trial, as amended by new counsel,

was denied and this appeal followed. *Held*:

1. In five related enumerations of error, defendant complains of the overruling of his motion for new trial on the special ground of ineffective assistance of counsel. He urges the following specifications of trial counsel's unprofessional errors and omissions: failing to request a charge on a lesser-included offense and failing to discuss any such lesser offense with his client; failing to reserve exceptions to the jury charge and failing to request a charge on the state of defendant's knowledge; failing to advise defendant of the consequences of trial; failing to inform defendant of plea offers; and failing to investigate defendant's mental state at the time of the offense and at the time of trial.

"In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Citations and punctuation omitted.) *Green v. State*, 218 Ga. App. 648, 650 (3) (463 SE2d 133).

2. At the hearing on defendant's motion for new trial, trial counsel explained his theory of the case, namely the legitimate defense of one's home. The transcript of that hearing indicates that trial counsel did in fact communicate to his client the one plea offer made by the State's Attorney. Consequently, defendant's fourth enumeration is not supported by the record and is without merit. Additional arguments, directed toward the *advice* counsel gave regarding this one acknowledged plea offer, are not reasonably raised in the enumeration complaining of the alleged failure to communicate that offer and will not be considered on appeal. *Stanley v. State*, 195 Ga. App. 706, 707 (2) (394 SE2d 785). But see *Duitsman v. State*, 217 Ga. App. 435, 438 (3) (457 SE2d 702).

3. Defendant's first, second, and third enumerations challenge trial counsel's "all or nothing" strategy, complaining that he failed to request a charge for some (unspecified) lesser included offense to the indicted offense of aggravated assault on a police officer, failed to reserve exceptions to the charge, and failed to discuss the range of statutory penalties with his client.

"The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with his client." (Citations and punctuation omitted.) *Johnson v. State*, 214 Ga. App. 77 (1), 79 (447 SE2d 74). "[T]he decision whether to seek submission to the jury of lesser included offenses [does not rise] to the same level as the decision to plead guilty or not guilty to charged offenses so as to require the defendant alone to make that decision." *Van Alstine v. State*, 263 Ga. 1, 3 (426 SE2d 360). Although the evidence in the case sub judice is that trial counsel consulted with his client several times before trial, defendant appeared intoxicated during one of those interviews, and counsel never expressly consulted defendant about any lesser included offenses. Counsel "didn't find anything that [he] thought would have been an appropriate lesser-included offense to this charge based on what [he] understood the evidence and circumstances to be." Afterwards, trial counsel made the strategic decision to pursue an "all or nothing" strategy. That he did so affords defendant no ground for a new trial. *Green v. State*, 218 Ga. App. 648, 650 (3), 651 (3) (b), supra; *Van Alstine v. State*, 263 Ga. 1, 4, supra. Likewise, the failure to request a separate charge on "knowledge" being an essential element of the crime of aggravated assault on a police officer was not an unprofessional lapse in judgment, where evidence that defendant might not have fully appreciated that it was a police officer at the door (due to bright lights in his eyes) was before the jury and properly emphasized by trial counsel; and where the trial court's charge included the statutory element of "knowingly commits aggravated assault on an officer," and also the trial court's charge that an accused is not presumed to act with criminal intent. *Penaranda v. State*, 203 Ga. App. 740, 744 (4) (f), 745 (417 SE2d 683). See also *Bundren v. State*, 247 Ga. 180, 181 (2) (274 SE2d 455). These contentions are without merit.

4. In his fifth enumeration of error, defendant contends trial counsel was ineffective because he failed to investigate defendant's mental state both at the time of the offense and the time of trial. He relies on a previous court order for defendant to undergo psychiatric evaluation, arising out of a 1990 misdemeanor simple assault case. There is no evidence that this evaluation was ever performed. Defendant concedes he cannot demonstrate any prejudice arising from the failure of trial counsel to pursue this line of possible defense, but "request[s] that this Court order his evaluation. . . ."

"It is a requisite of a sound system of criminal justice, serving alike the proper ends of defendants and of the public, that any contention concerning the violation of the constitutional right to counsel

should be made at the earliest practicable moment." *Smith v. State*, 255 Ga. 654, 656 (3) (341 SE2d 5). This rule requires that all known bases for alleging ineffective assistance must be raised and determined by the trial court *"before appeal* if the opportunity to do so is available[.]" (Emphasis in original.) *Glover v. State*, 266 Ga. 183 (2), 184 (465 SE2d 659). In the case sub judice, defendant had the opportunity before perfecting this appeal to request assistance in pursuing the previously ordered psychological evaluation, as part of his amended motion for new trial. His "failure to seize that opportunity is a procedural bar to raising the issue at [this] time." *Glover v. State*, 266 Ga. 183 (2), 184, supra. Consequently, this enumeration is without merit.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED JULY 9, 1996 —
RECONSIDERATION DENIED JULY 17, 1996.

*Mumford, Myers & Mooney, Albert A. Myers III*, for appellant.
*Fredric D. Bright, District Attorney, Wilson B. Mitcham, Jr., Assistant District Attorney*, for appellee.