### A97A0550. SAYERS v. THE STATE.
(487 SE2d 437)

RUFFIN, Judge.

Timothy Sayers appeals from his conviction for driving under the influence of alcohol. In his sole enumeration of error, Sayers argues that the trial court erred in failing to suppress evidence gathered as a result of an investigatory traffic stop. For reasons which follow, we affirm.

" 'In reviewing a trial court's decision on a motion to suppress . . . , our responsibility is to ensure that there was a substantial basis for the decision. In so doing, we may consider all relevant evidence of record, wherever located, including evidence introduced at a suppression hearing and that introduced at trial; we construe the evidence most favorably to uphold the findings and judgment, and must adopt the trial court's findings on disputed facts and credibility unless they are clearly erroneous. Further, since the trial court sits as the trier of facts, its findings will not be disturbed if there is any evidence to support them.' . . . [Cits.]" (Emphasis omitted.) *State v. Brodie*, 216 Ga. App. 198, 199 (1) (c) (453 SE2d 786) (1995).

Viewing the evidence most favorably to uphold the trial court's ruling, the record shows the following. Yvonne Weed testified that while driving home one evening on I-20 near Atlanta, she encountered a white pickup truck pulling a flatbed trailer. The pickup truck, which was weaving and swerving in the center lane, almost struck her vehicle and another vehicle on the interstate. Concerned about the truck driver's ability to maintain his lane, Weed called 911. She described the truck to the 911 dispatcher and, at the dispatcher's request, continued to follow it. She observed the truck weave toward another car and then swerve into the right-hand lane, where it began to travel partially in the emergency lane. Weed reported the truck's movements to the 911 dispatcher.

Several miles after Weed began following the truck, it exited from the interstate and pulled into a service station. At the direction of the 911 operator, Weed followed and stopped in the service station parking lot where she could observe the truck. She saw Sayers exit the truck, stumble, and have difficulty working the gasoline pump.

Weed further testified that his "gait was staggered, . . . he was not quite balanced, and he had to put his hand up against his vehicle to brace himself."

Shortly thereafter, Rockdale County Sheriff's deputies arrived at the scene. When a male deputy approached Weed, she "told him exactly what had happened; that [she] began following the vehicle at I-20 just before Evans Mill Road and continued to describe . . . what [she] had observed." Weed then identified the truck for the deputy.

Deputy Robert Rowe testified that he responded to the service station, where he spotted an unoccupied truck that met the description given by Weed to the 911 dispatcher. Rowe then located Weed, who identified the truck and stated that Sayers was in the service station store paying for gasoline. After speaking with Weed, Rowe parked his patrol car in front of Sayers' truck to prevent its exit and watched Sayers as he walked from the store. According to Rowe, Sayers was "swaying like he was unsteady on his feet[, and] [w]hen Sayers approached his vehicle, [Rowe] noticed a strong odor of alcoholic beverage about his person." Rowe took Sayers' driver's license and held him until another deputy arrived, at which point Sayers submitted to several field sobriety tests and was subsequently arrested.

Sayers argues that by blocking his truck with a patrol car, Deputy Rowe improperly seized him without any articulable suspicion of wrongdoing. We disagree.

An officer may conduct a brief investigatory stop when " 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.' *Terry v. Ohio*, 392 U. S. 1, 21 (88 SC 1868, 20 LE2d 889) (1968). [Cit.]" *Vansant v. State*, 264 Ga. 319, 320 (2) (443 SE2d 474) (1994). In determining whether the facts authorized the stop, a court must "take the totality of the circumstances into account and determine whether the detaining officer has 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.' [Cit.]" Id.

The parties do not dispute that an investigatory stop took place. The State argues, however, that Weed's information provided the basis for stopping Sayers. Sayers responds that Weed's tip was not sufficient and that the police had no other articulable basis for the stop until *after* it occurred. In particular, Sayers argues that Rowe's testimony regarding Sayers' unsteady gait when walking from the service station store cannot support the stop because Rowe blocked the truck before he observed Sayers' behavior.

Pretermitting any question of when the stop actually occurred, we find that Rowe had a reasonable articulable suspicion that Sayers was under the influence of alcohol before he blocked the truck. " 'Although a tip provided by an informant of unknown reliability will not ordinarily create a reasonable suspicion of criminal activity, if

the tip is detailed enough to provide some basis for predicting the future behavior of the suspect, reliability may be established if the details are corroborated by the observations of the police.' . . . [Cit.]" *Brown v. State*, 223 Ga. App. 364, 366 (477 SE2d 623) (1996). Weed's detailed information regarding Sayers' movements and behavior, combined with Rowe's observation of the truck when he first arrived at the scene, provided sufficient basis for the stop.

" 'A concerned citizen has always been given a preferred status regarding the testing of the credibility of [her] reported information. [Cit.]' [Cits.]" Id. Weed's credibility deserves this preferred status. She did not simply leave an anonymous tip. Compare *VonLinsowe v. State*, 213 Ga. App. 619, 620 (1) (445 SE2d 371) (1994) (information provided by unidentified caller had no inherent reliability and was insufficient to authorize a stop). Rather, she telephoned 911, followed Sayers at the 911 dispatcher's request, and gave detailed information over an extended period of time regarding Sayers' truck, his movements, and his erratic driving behavior. She also met with Rowe at the scene and reported that Sayers had difficulty walking once he exited the truck. Weed's information was corroborated by Rowe, who arrived at the scene and immediately saw the truck described by Weed to the 911 operator.

Considering the totality of the circumstances, the trial court properly found that Rowe had " 'a particularized and objective basis for suspecting [Sayers] of criminal activity.' [Cit.]" *Vansant*, supra at 320 (2). That Deputy Rowe did not witness Sayers' erratic behavior before he blocked the truck does not undermine the legality of the stop. " 'Given the fact that [Rowe] had received information that the driver of this [truck was unsteady on his feet and driving erratically], . . . and that he first spotted the [truck at a gasoline pump, raising the reasonable inference that the truck would soon reenter] a public thoroughfare, it is obvious that he had a legitimate purpose in stopping the [truck] without a traffic violation having occurred [in his presence] in order to ascertain the condition of the driver.' " *State v. McFarland*, 201 Ga. App. 495, 496 (411 SE2d 314) (1991).

Accordingly, the trial court did not err in refusing to suppress information gathered during the investigatory stop. See *Brown*, supra; *McFarland*, supra. Compare *Vansant*, supra at 321 (2) (concerned citizen's tip regarding intoxicated hit-and-run driver in white van did not give officer sufficient basis to stop appellant's van because officer "did not have a particularized description of the vehicle; he did not know the direction in which the vehicle had left the scene of the purported hit-and-run; he had not observed criminal activity on the part of the [appellant]; [and] he had no knowledge or suspicion that the vehicle had been involved in other similar criminal behavior").

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JUNE 3, 1997.

Before Judge Todd.

*Robert W. Chestney*, for appellant.

*Michael M. Hawkins, Solicitor, James M. Miskell, Assistant Solicitor*, for appellee.