A97A2384. JACKSON v. THE STATE.
(496 SE2d 315)

BLACKBURN, Judge.

Anthony Leroy Jackson appeals his convictions for possession of cocaine with intent to distribute and possession of a firearm by a convicted felon, contending that both his counsel and the trial court committed numerous errors. For the reasons discussed below, we reverse Jackson's convictions.

On May 2, 1989, Investigators Donald Branch and Ron Lee of the Metro Drug Squad observed Jackson driving his car in an erratic manner on the freeway. Suspecting that Jackson was driving under the influence of alcohol, Branch and Lee contacted Trooper Neal Jump of the Georgia State Patrol for assistance by radio. Jump, in turn, contacted Trooper Michael Young. Exiting the freeway, Jackson pulled into the parking lot of a fast food restaurant without properly using his turn signal, got out of his car, and proceeded with haste toward the restaurant entrance. Young, Jump, Lee, and Branch followed Jackson to the parking lot, and these officers were later joined by Agent Andy Hay of the Georgia Department of Revenue Alcohol-Tobacco Unit. Young intercepted Jackson before he went inside the restaurant and escorted him to Jump's patrol car. When Jump asked for Jackson's driver's license and registration, Jackson replied that his license had been suspended and that his registration was in the car. Jump then informed Jackson that he was under arrest for driving with a suspended license, and Jackson was searched. The search revealed that Jackson was carrying a plastic bag containing twenty-eight smaller bags of crack cocaine, another plastic bag containing approximately forty more pieces of crack cocaine, and six rounds of .357 caliber ammunition. Jackson then consented to allow other

officers on the scene to search his car for the registration. During this search, a .357 caliber handgun was found under the front passenger's seat.

Jackson's attorney, John Davis, filed a motion to suppress the evidence found on Jackson and in his car. This motion was denied, and Jackson was convicted on May 24, 1990. Davis filed a motion for new trial on Jackson's behalf, generally alleging insufficiency of the evidence. There was no hearing on the motion at that time. Jackson then served a portion of his prison sentence, after which he was paroled. He did not file an amended motion for new trial to allege ineffective assistance of counsel until December 9, 1996, after his parole had been revoked. By that time his attorney, Davis, had died.

1. In his first enumeration of error, Jackson contends that his motion for new trial should have been granted due to ineffective assistance of counsel. "In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), [Jackson] must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. See also *Bowley v. State*, 261 Ga. 278 (4) (404 SE2d 97) (1991). Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable." (Punctuation omitted.) *Stephens v. State*, 265 Ga. 120, 121-122 (2) (453 SE2d 443) (1995). Furthermore, "[t]here is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. *In the absence of testimony to the contrary*, counsel's actions are presumed strategic. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Punctuation omitted; emphasis supplied.) *Binion v. State*, 222 Ga. App. 333, 334 (1) (474 SE2d 208) (1996).

Jackson complains that his trial counsel improperly: (1) failed to conduct an investigation or interview certain witnesses; (2) failed to prepare a motion to suppress;[1] (3) waived Jackson's right to make an opening statement at trial; (4) failed to object to improper evidence and testimony; (5) failed to move for a bifurcation of the trial on the separate charges; (6) failed to move for a severance of the separate charges; (7) failed to advise Jackson of his right to testify at a *Jackson-Denno* hearing and did not call him to do so; (8) failed to allow Jackson to participate in determining trial strategy; (9) failed to file

---

[1] Jackson drafted his motion to suppress pro se. However, Davis filed the motion on Jackson's behalf and represented Jackson at the hearing.

any requests to charge; (10) failed to request a charge with regard to Jackson's right to remain silent; (11) failed to pursue dismissal of the charges due to the State's failure to afford Jackson a speedy trial; (12) failed to cross-examine Branch and Jump at the *Jackson-Denno* hearing; and (13) failed to request a charge providing limiting instructions with regard to Jackson's prior felony convictions which were admitted into evidence.

Jackson's claims are either legally or factually untenable. "It is not necessary to address specifically and individually each and every one of these numerous instances of challenged trial tactics. It is sufficient to note that strategic choices made after thorough investigation are virtually unchallengeable."[2] (Punctuation omitted.) *Stephens v. State*, supra at 122 (2). Moreover, Jackson has not carried his dual burden in claiming ineffective assistance of counsel — showing both error *and* harm. As the cocaine and the weapon which Jackson possessed were properly admitted, see Division 6 hereof, infra, there was substantial evidence of his guilt irrespective of the alleged errors committed by Davis, and Jackson has not shown that there was a probability that the outcome of the trial would have been different absent such alleged errors.

Furthermore, as Jackson did not raise his allegations of ineffective assistance of counsel for more than six years after his conviction, during which time Davis died, "[t]rial counsel [could not be] called to explain his conduct and [Jackson] adduced no expert testimony to show that the choices made during trial fell below the standard of reasonably effective assistance. . . . [Jackson's] trial counsel made such decisions and, that he did so, affords [Jackson] no ground for a new trial. If we continue to second guess trial counsel on strategy and tactics when counsel have faithfully and diligently performed their function, we would have a proliferation of appeals on the flimsiest of grounds. It is important for appellate judges to remember that a defendant is entitled to a fair trial but not a perfect one, for there are no perfect trials." (Punctuation omitted.) *Green v. State*, 218 Ga. App. 648, 651 (3) (b) (463 SE2d 133) (1995). See *Sterling v. State*, 223 Ga. App. 490, 491 (478 SE2d 145) (1996) (there is nothing to review on appeal where trial counsel does not testify at motion for new trial hearing).

---

[2] Although Jackson contends that his deceased attorney did not properly prepare and investigate his case, Davis' assistant at trial, Jan Whorton, testified that it was Davis' habit to interview his clients at length prior to a trial and that Davis' file indicated that he had interviewed Jackson. In support of his claim, Jackson principally argues that Davis failed to call certain witnesses to testify on his behalf. However, even assuming that such witnesses existed, Jackson has not shown that Davis' decision not to call them was not trial strategy. Furthermore, Jackson has not proven to what such witnesses would have testified had they been found.

2. In his second enumeration of error, Jackson contends that the trial court improperly admitted a statement made by Jackson after he invoked his right to remain silent under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), and that this improperly admitted statement placed his character into evidence in contravention of OCGA § 24-9-20 (b). During the drive to jail, Trooper Jump asked Jackson where he had been going before he was arrested. Jackson responded that "he could not say or his name would be on a tombstone; it was better to be quiet." Pretermitting the efficacy of Jackson's claim that this statement was elicited after he invoked his right to remain silent, Jackson advances no arguments as to how the absence of this testimony at trial would have resulted in a different outcome in his case. Given the weight of the evidence against Jackson, these claims, even if valid, were not reversible error. *Cuzzort v. State*, 215 Ga. App. 553, 557 (4) (451 SE2d 496) (1994).

3. In his third enumeration of error, Jackson claims that the trial court erred by allowing testimony both with regard to his post-arrest silence after being advised of his *Miranda* rights and with regard to his refusal to sign a waiver of such rights. Jackson contends further that the trial court erred by not granting a mistrial or giving the jury curative instructions with regard to this allegedly inadmissible testimony. Jackson, however, has waived the right to complain about this decision of the trial court because no objection was raised at trial. *Heard v. State*, 204 Ga. App. 757, 760 (5) (420 SE2d 639) (1992). Furthermore, even if the trial court did err in the manner which Jackson contends, that error was harmless in light of the overwhelming evidence of Jackson's guilt. *Sorrells v. State*, 267 Ga. 236, 239-240 (5) (476 SE2d 571) (1996).

4. In his fourth enumeration of error, Jackson contends that the trial court failed to hear his motion for a new trial within a reasonable time. Although Jackson initially filed a motion for new trial on May 31, 1990, that motion alleged only the general grounds of insufficiency of the evidence. Jackson has not raised those grounds in this appeal. Jackson's amended motion for new trial, which included all of the specific claims considered herein, was not filed until December 9, 1996, and the motion was considered at a hearing that same day. Accordingly, Jackson has not shown that he was harmed by the fact that the motion was not heard until after he chose to amend it. Furthermore, Jackson cites no legal authority in support of this contention. See Court of Appeals Rule 27 (c).

5. In his fifth enumeration of error, Jackson claims that he is entitled to a discharge and acquittal for lack of prosecution and denial of a speedy trial pursuant to OCGA § 17-7-170. This claim is patently erroneous. The record reflects that Jackson demanded a jury trial on April 23, 1990, and received it on May 18, 1990.

6. In his sixth enumeration of error, Jackson contends that the trial court erred in denying his motion to suppress because the stop and subsequent search and seizure which led to his arrest were illegal. "In reviewing a trial court's decision on a motion to suppress, our responsibility is to ensure that there was a substantial basis for the decision. In so doing, we may consider all relevant evidence of record, wherever located, including evidence introduced at a suppression hearing and that introduced at trial; we construe the evidence most favorably to uphold the findings and judgment, and must adopt the trial court's findings on disputed facts and credibility unless they are clearly erroneous. Further, since the trial court sits as the trier of facts, its findings will not be disturbed if there is any evidence to support them." (Punctuation omitted.) *Sayers v. State*, 226 Ga. App. 645 (487 SE2d 437) (1997).

Jackson argues that it was improper for Branch to testify at the motion to suppress hearing with regard to statements made by Lee and Hay who searched Jackson and his car. As a result, Jackson contends that the court's ruling was based on nonprobative hearsay. While it is true that Lee and Hay did not testify at the motion to suppress hearing, they did testify at the subsequent trial, replicating and corroborating Branch's previous testimony. As this Court considers all evidence of record in reviewing the trial court's denial of Jackson's motion to suppress, including testimony elicited at the motion to suppress hearing as well as that heard at the trial, *Sayers*, supra, Jackson's contention that the motion to suppress ruling was based on nonprobative hearsay is meritless. We also note that Jackson renewed his motion to suppress during his trial, and it was also denied at that time.

Furthermore, Jackson's stop was not pretextual. Officers Branch and Lee witnessed Jackson driving erratically on the freeway, which gave them a reasonable suspicion that Jackson might be driving under the influence of alcohol. In addition, Officer Young witnessed Jackson make an improper turn into the fast food restaurant without employing his turn signal. As such, Jackson's stop was valid.

7. In his seventh enumeration of error, Jackson contends that the court erred by allowing the State to reopen its case following Jackson's motion for a directed verdict. "Whether to reopen the evidence is a matter which rests within the sound discretion of the trial court. *Carter v. State*, 263 Ga. 401, 402 (2) (435 SE2d 42) (1993). A trial court's ruling in this regard will not be reversed in the absence of an abuse of discretion. *Page v. State*, 249 Ga. 648, 651 (2) (c) (292 SE2d 850) (1982). Whether there has been a reversible abuse of discretion requires a consideration of the totality of the circumstances. *Gresham v. State*, 204 Ga. App. 540, 542 (2) (420 SE2d 71) (1992)." *Carruth v. State*, 267 Ga. 221, 222 (476 SE2d 739) (1996). Further-

more, a case may be reopened to offer evidence "either in rebuttal or in corroboration of evidence already introduced by the state." *Page v. State*, supra at 651 (2) (c). In the matter at hand, the State was allowed to reopen its case to call Officer Young, whose testimony corroborated the set of events surrounding the stop of Jackson described by the other officers on the scene. The trial court did not abuse its discretion in reopening the evidence.

8. In his ninth enumeration of error, Jackson claims that the court's charge to the jury that "[y]ou may infer in this case, if you wish to do so, that the acts of a person of sound mind and discretion are the products of his will and you may infer, if you wish to do so, that a person of sound mind and discretion intends the natural and probable consequences of his act" was improper and burden shifting. Again, this contention is clearly untenable. "As our Supreme Court . . . stated in *Isaacs v. State*, 259 Ga. 717 (386 SE2d 316) (1989), when deciding whether a charge on intent violates *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979), the court must decide whether the alleged erroneous charge contains 'language of command,' which requires the jury to find intent if a certain fact is proven, or if the charge makes it clear that it is within the jury's discretion to find intent from the facts proved and that the State has the burden of proving intent. [Cit.] The disputed charge makes it clear that the State has the burden of proving intent." *Fortson v. State*, 201 Ga. App. 272, 273 (1) (410 SE2d 774) (1991). As the court instructed the jury that "intent or intention . . . must be proven by the State beyond a reasonable doubt" directly before giving the charge in question and did not use "language of command," Jackson's contention that the charge was burden shifting was erroneous.

9. In his tenth enumeration of error, Jackson claims that the trial court erred in failing to give a curative instruction at any time after the State's witnesses were allowed to testify as to his invocation of his right to remain silent and his refusal to sign a waiver of his *Miranda* rights. Jackson made no request for such instructions and did not raise an objection at trial. However, even if Jackson had preserved the right to complain about this matter, the error, if it existed, was not a reversible one due to the overwhelming evidence of guilt. See *Sorrells*, supra.

10. In his eleventh enumeration of error, Jackson contends that the court erred in charging the jury regarding the offense of possession of a firearm by a convicted felon. Jackson, however, provides no legal authority or argument in relation to this contention. As such, it must be considered to have been waived. See Court of Appeals Rule 27 (c).

11. In his twelfth enumeration of error, Jackson claims that the charge given by the court on possession of a firearm by a convicted

felon eliminated reasonable doubt as the appropriate standard with regard to that count. However, in making this claim, Jackson cites one portion of the court's charge in isolation. "The charge to the jury is to be taken as a whole and not out of context when making determinations as to the correctness of same." (Punctuation omitted.) *Hill v. State*, 205 Ga. App. 475, 476-477 (3) (422 SE2d 564) (1992). Prior to instructing the jury with the portion of the overall charge cited by Jackson, the court explained that the burden of proof rested upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt. Accordingly, Jackson's claim is meritless.

12. In his eighth enumeration of error, Jackson contends that the trial court erred in failing to give limiting instructions to the jury regarding admitted evidence of Jackson's prior convictions even though no such charge had been requested by defendant. This argument has merit. Where the State elects to use similar transactions as evidence in the present case, the trial court must instruct the jury explaining the limited purpose for the admission of the similar transactions evidence whether or not requested by the defendant. This case is controlled by *Hinson v. State*, 229 Ga. App. 840 (494 SE2d 693) (1997). "[T]he trial court committed reversible error in failing to give, sua sponte, a limiting instruction contemporaneous with the admission of extrinsic acts or similar crimes evidence." Id. at 842. Accordingly, Jackson's convictions must be reversed and remanded for a new trial.

For the reasons set forth in Division 12, supra, Jackson's convictions for possession of cocaine with intent to distribute and possession of a firearm by a convicted felon are hereby reversed.

*Judgment reversed. Pope, P. J., and Johnson, J., concur.*

DECIDED JANUARY 22, 1998.

*Harrison & Harrison, Anthony L. Harrison, Steven L. Morgan,* for appellant.

*Stephen D. Kelley, District Attorney, Charles K. Higgins, Assistant District Attorney,* for appellee.