## A99A0979. CLARK v. THE STATE.
### (520 SE2d 245)

BLACKBURN, Presiding Judge.

Alvin Durand Clark appeals his convictions, following a jury trial, for theft by receiving a motor vehicle, forgery in the first degree, and giving a false name to a law enforcement officer. Clark contends that: (1) the evidence was insufficient to support the verdict; (2) the trial court improperly charged the jury on forgery in the first degree; (3) the trial court erred by failing to merge the convictions for forgery in the first degree and giving a false name; (4) the trial court improperly considered his prior criminal record during sentencing; and (5) he received ineffective assistance of counsel. For the reasons set forth below, we affirm.

1.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Clark] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The . . . verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State*, 227 Ga. App. 870-871 (1) (490 SE2d 539) (1997). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in this light, the evidence shows that Sergeant Robert Montgomery pulled Clark over in response to a dispatch describing him as the suspect of an attempt to fraudulently return items he did not purchase to a department store in exchange for a cash refund. Montgomery asked Clark for his driver's license and proof of insurance, and Clark handed him a rental contract for the vehicle that he was driving and an illegally altered driver's license. Both the rental agreement and the license purported to have been issued to Samarahlon Josephus Akins. Montgomery then discovered that the vehicle Clark was driving had been reported as stolen from the rental company because it had never been returned. Clark's proper identification was found on the front seat of the car. This evidence is more than ample to support Clark's convictions. See *Jackson*, supra.

2. Clark contends that the trial court erred in its charge to the jury regarding forgery in the first degree because it failed to set forth a definition for the term "writing."

> A person commits the offense of forgery in the first degree when with intent to defraud he knowingly makes, alters, or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority and utters or delivers such writing.

OCGA § 16-9-1 (a).

In turn, OCGA § 16-9-3 provides that the term " 'writing' includes, but is not limited to, printing or any other method of recording information, money, coins, tokens, stamps, seals, credit cards, badges, trademarks, and other symbols of value, right, privilege, or identification."

Even assuming that the trial court erred by failing to define "writing," there was no harm to Clark. Both the driver's license and the rental agreement clearly fall within the expansive definition of OCGA § 16-9-3, which merely serves to illustrate examples of what may constitute a writing without attempting to set forth a definitive inclusive list.

3. Clark contends that the trial court erred by failing to merge his convictions for giving a false name and forgery in the first degree.

> The key question in determining whether a merger has occurred is whether the different offenses are proven with the same facts. For example, if one crime is complete before the other takes place, the two crimes do not merge. However, if the same facts are used to prove the different

offenses, the different crimes merge.

(Citation omitted.) *Taylor v. State*, 219 Ga. App. 475, 478 (4) (465 SE2d 473) (1995).

While the charge of giving a false name requires that the fraud be perpetrated against a law enforcement officer, the charge of forgery in the first degree does not. As such, in this case, Clark's crime of forgery was completed when he used a false name to obtain the rental car he was driving, long before he ever gave the altered license and rental agreement to Sergeant Montgomery. Moreover, we note that a forgery has to involve a writing, while giving a false name does not. Accordingly, the trial court did not err by not merging Clark's convictions for forgery in the first degree and giving a false name to a law enforcement officer.

4. Clark contends that the trial court improperly considered his prior criminal record during his sentencing. At sentencing, the prosecutor stated:

> Your honor, we think that under the circumstances — the totality of the circumstances of this case, that the defendant was engaged in activities involving the use of different names and some sort of scams, we think that a long period of probation is appropriate due to the nature of the activity and the conduct, and we are asking for the period of incarceration based on that and, as the Court has previously heard, with regard to the defendant's criminal history.

Other than this statement made by the prosecutor, the record does not show that the State offered any evidence of Clark's past convictions, and there is no evidence that the trial court considered any such convictions. Clark, who was represented by counsel, did not object to the prosecutor's statement. Inasmuch as this matter was heard by the trial judge and not a jury, who has the knowledge to separate appropriate arguments from inappropriate ones, the error is not fatal. As such, Clark has failed to show error and harm in this regard, and this enumeration of error lacks merit.

Vague references to a defendant's criminal history, which are not supported by the evidence, are entirely inappropriate. Under the facts of this case, the reference does not require reversal.

5. Clark contends that his trial counsel rendered ineffective assistance by: (1) failing to investigate his case and failing to consider all available defenses prior to trial; (2) failing to object to the State's general reference to his prior record during sentencing; (3) failing to call him to testify at a motion to suppress hearing; (4) failing to request a jury charge on OCGA § 24-9-85 (b) regarding the

false swearing of a witness; (5) failing to request that the charges of giving a false name and forgery in the first degree be merged; and (6) failing to invoke a ruling on a demurrer to the charge of forgery in the first degree.

> *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), sets forth the standard for determining whether trial counsel's performance was so deficient as to deny a defendant effective assistance of counsel under the Sixth Amendment. One asserting such an error must make two affirmative showings: that counsel's representation fell below an objective standard of reasonableness [(i.e., that counsel performed deficiently);] and that such deficiency prejudiced the defense. Concerning the prejudice component, the Court (in *Strickland*) held that the defendant must show that there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

(Citations and punctuation omitted.) *Williams v. State*, 207 Ga. App. 418, 419-420 (427 SE2d 787) (1993). Furthermore,

> [t]here is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic.

(Punctuation omitted.) *Binion v. State*, 222 Ga. App. 333, 334 (1) (474 SE2d 208) (1996). " 'The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.' " Id.

Clark claims that his counsel's unpreparedness is shown by said counsel's request for a continuance of his case. However, the record does not support Clark's claim that his attorney, who spent approximately 19 hours preparing for trial, failed to appropriately prepare his case. The remainder of Clark's claims relate to his counsel's trial strategy and, as such, do not support his contention that his convictions must be reversed. Clark was "entitled to a fair trial but not a perfect one, for there are no perfect trials." (Punctuation omitted.) *Green v. State*, 218 Ga. App. 648, 651 (3) (b) (463 SE2d 133) (1995).

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 28, 1999 —
RECONSIDERATION DENIED JULY 21, 1999

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer*, for appellant.

*Daniel J. Porter, District Attorney, James M. Miskell, Assistant District Attorney*, for appellee.