### 48590. MOREHEAD v. THE STATE.

PANNELL, Judge. The defendant was charged in three accusations with the offense of misdemeanor, to wit: simple battery. Case No. 14,823 was as to Danny Gilleland; case No. 14,824 was as to Brenda Gilleland (wife of Danny Gilleland); and case No. 14,825 was as to Herbert Mathis.

The evidence was sufficient to show that the defendant and four other young men had an altercation or fight with the Gillelands and Mathis. It started at a restaurant known as Burger King, when one of the five allegedly pinched Brenda Gilleland. There was evidence that all five of the youths entered the fight and also evidence that defendant struck, at separate times, all three of the persons mentioned in the accusations.

In the course of the trial in describing the fight, the witness testified that they, referring to the five, used dirty words to Mrs. Gilleland. This was objected to as follows: "Your honor, please, if he can't point this defendant out as being the one that said the dirty things, we object to any conversation that went on about

somebody else."

The judge overruled the objection and the witness identified defendant as one using dirty words and related the words used. Mr. Mathis testified in part: "And after they knocked me down they kicked me in the face and mouth and chest and kicked five teeth out and busted my lip." Q. "When you say 'they' does 'they' include the defendant here, Emmett Morehead?" A. "Yes, sir." Objection: "If your honor, please, we again object to lumping them with this defendant." The objection was overruled. Then, in answer to the next question: Q. "Was this defendant here, Emmett, Morehead, one of the ones that kicked you and assaulted you in the manner you've described?" A. "He was, yes."

*Held:*

1. The evidence is sufficient to support the verdict of guilty of simple battery.

2. When more than two persons engage in an altercation it is not error for a witness, over objection, to state "they" did certain things to the witness in the fight, if he also testifies that when he used the term "they" he meant the defendant, as well as the others who did the particular acts to the witness. The jury is entitled to all the facts in the case.

3. Where the main defense raised by the defendant's unsworn statement is that he was peacemaker and not participant in a fight, his further statement that he was hit by one of the participants which act "started the fight" was not such as to require the judge, in the absence of a written request, to charge on the theory of justification, there being no contention by the defendant that he was acting in self defense when committing a battery on such participant as testified by other witnesses and the participant. See *Thornton v. State,* 18 Ga. App. 744 (90 SE 489).

4. No error being shown, the judgment is affirmed.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 6, 1973 — DECIDED NOVEMBER 1, 1973.

*Robinson, Buice, Harben & Strickland, C. Frank Strickland, Jr.,* for appellant.

*Douglas E. Smith, Solicitor,* for appellee.