## 48905. MIZE v. THE STATE.

CLARK, Judge.

The instant case in which appellant appeals from a

conviction for simple battery developed from a melee in an eating establishment. While waiting in a customer line for service a young white female complained to her husband that one of five young black males who had come into the place had "pinched" her. A white male in the line pointed out the defendant as the offender. The accused denied the charge. A fight followed. The end result of the altercation at the restaurant was arrests and trials of the negroes. See *Morehead v. State,* 130 Ga. App. 166 (202 SE2d 578) for facts and disposition of the appeal of a co-defendant.

The instant trial began with appellant facing four misdemeanor charges. Three of these accused Mize of having committed simple battery upon the prosecutrix, her husband and the bystander. The fourth charge was his alleged use of abusive language. The last accusation was dismissed upon defendant's motion and the court granted a directed verdict of not guilty for the defendant on the charges involving the husband and bystander. Defendant was found guilty by the jury on the charge of having committed simple battery upon the wife in that he did "intentionally cause physical harm to" her.

In this appeal we are required to pass upon three enumerations of error.

1. The first assignment states "The court erred in refusing to grant defendant's motion for directed verdict in that the accusation charging the defendant with simple battery alleged the defendant caused physical harm to (prosecutrix) while the evidence, under the State's testimony showed a contact of an insulting or provoking nature."

The crux of this contention is that the probata did not follow the allegata. The accusation charged defendant to have committed "simple battery" in that he did "intentionally cause physical harm to [prosecutrix]." Thus, the state undertook to prove that defendant violated subparagraph (b) of Criminal Code, § 26-1304. That section in its entirety reads as follows: "A person commits simple battery when he either (a) intentionally makes physical contact of an insulting or provoking nature with the person of another, or (b) intentionally causes physical harm to another."

Appellant relies upon such decisions as *Smith v. State,* 185 Ga. 365 (195 SE 144); *Mitchell v. State,* 113 Ga. App. 523 (149 SE2d 172); *Allen v. State,* 106 Ga. App. 761 (128 SE2d 549); *Cornett v. State,* 218 Ga. 405 (128 SE2d 317) and *Hancock v. State,* 127 Ga. App. 21 (192 SE2d 435). All of these holdings follow the frequently cited decision of *Hightower v. State,* 39 Ga. App. 674 (148 SE 300), Headnote 2 of which reads that "If the prosecutor states the offense with unnecessary particularity, he will be bound by that statement and must prove it as laid."

The testimony of the prosecutrix was that she was "grabbed in the side" or that someone "squeezed her hip." (T. 11). On cross examination she defined the contact as "a pinch" (T. 27) and further as "having felt a hand on her side" (T. 28) or someone having grabbed her side and "squeezed it" (T. 29). Whether the prosecutrix was grabbed, squeezed, or pinched, the act constituted conformance with the charge that defendant did "intentionally cause physical harm." See *Goodrum v. State,* 60 Ga. 509 and *Brown v. State,* 57 Ga. App. 864 at 867 (197 SE 82) for decisions under the former criminal statute ruling that any unlawful intentional placing of the human hand upon another's body without consent amounts to an assault and battery.

This enumeration of error is not meritorious.

2. The second enumeration of error complains of the refusal to permit defense counsel on voir dire to ask the following question: "If there is a conflict in the evidence in what the witnesses who are white testify, and the witnesses who are black testify, will this in any way affect your ability to serve in this case fairly, affect your ability to have an open mind, to be completely impartial?" (R. 3). The trial court's ruling was error in light of the recent decision of the United States Supreme Court in Ham v. South Carolina, 409 U. S. 524 (93 SC 848, 35 LE2d 46). There the nine justices were in agreement[1]

[1] There was a split among the nine justices as to bias against beards with a majority sustaining the trial court's denial of such query.

that where the circumstances of the trial were such that racial prejudice might prevent the accused from obtaining an impartial unbiased jury that the state court erred in denying voir dire of prospective jurors based on race prejudice. There the two questions that trial counsel sought to ask were: "(1) Would you fairly try this case on the basis of the evidence disregarding defendant's race? (2) You have no prejudice against negroes? Against black people? You would not be influenced by the use of the term 'black'?" See also Aldridge v. United States, 283 U. S. 308 (51 SC 470, 75 LE 1504, 73 ALR 1203), where a Negro was on trial for murder of a white man and the court held that defendant was entitled on voir dire to ask the jurors whether they would have any racial prejudice that would prevent a fair and impartial verdict. A number of state cases are therein cited at p. 313, pointing out that "The right to examine jurors on the voir dire as to the existence of a disqualifying state of mind, has been upheld with respect to other races than the black race, and in relation to religious and other prejudices of a serious character." The opinion also points out at that same page that the practice of permitting questions as to racial prejudice is not confined to any section of the country.

Where, as here, all witnesses for the state, including prosecutrix, were white and all defense witnesses, including accused, are black, it is proper on voir dire to ask questions dealing with racial prejudice of the jurors in order to test their impartiality. *Bowens v. State,* 116 Ga. App. 577, 579 (5) (158 SE2d 420). Accordingly, a new trial is granted appellant.

3. Defendant's third enumeration of error contends the trial court erred in charging on justification. Since such charge was actually beneficial to the appellant, we would regard it as harmless error, even though it would have been appropriate as to the general melee. See *Johnson v. State,* 122 Ga. App. 542 (5) (178 SE2d 42). If upon the retrial the sole issue again turns upon the credibility of the denial by defendant of his having committed the battery upon prosecutrix, such charge of justification would be inappropriate.

*Judgment reversed. Bell, C. J., and Quillian, J.,*

*concur.*

SUBMITTED JANUARY 7, 1974 — DECIDED APRIL 2, 1974.

*Robinson, Buice, Harben & Strickland, Sam S. Harben, Jr., Spaulding, LaSonde & Associates, Benjamin W. Spaulding,* for appellant.
*Douglas E. Smith, Solicitor,* for appellee.