## 49705. HOLLINS v. THE STATE.

DEEN, Judge.

Hollins was convicted of the offense of "pimping, in that he offered or agreed to procure a prostitute, to wit: Nancy Parson, for another, to wit: Lee Otis Hannah." His motion for new trial was overruled and he appeals. *Held:*

1. Only by the testimony of the state's witness, Lee Otis Hannah, who swore that he gave the defendant five dollars for a date with the girl in his truck, could the defendant be convicted under the evidence offered here. A ground of the motion for new trial, supported by affidavits and uncontradicted by the court or otherwise, recites that while the court was instructing the jury defendant's counsel received a note signed Lee Otis Hannah and scrawled, "I want to tell the truth." He showed this missive to the court, asking that Hannah be recalled and further cross examination allowed. The judge refused. Hannah's subsequently written affidavit states that his testimony of giving the defendant money was untrue, was suggested to him by assumptions made of officers in interrogating him, and was elicited from him through fear by statement suggesting that he would otherwise himself be prosecuted and sent to prison.

This case is markedly different from *Fowler v. State,* 187 Ga. 406 (7) (1 SE2d 18) and other cases cited by the state. There the recantation came after the case had terminated, the verdict been returned, and the jury dispersed. Here, during the progress of the trial, the parties became aware of strong and easily verifiable or refutable indications that testimony at that moment being weighed by the jury was in fact untrue. The basic

axiom of justice, which has appeared in every Georgia Code, is that, "The object of all legal investigation is the discovery of truth" and the rules of evidence seek "always for pure sources." Code § 38-101. This obtains in all cases except where "it would be more unjust and productive of more evil to hear the truth than to forbear the investigation." Code § 38-114. The reception of perjured evidence is never justice, no matter how salutary the end in view. In *Maddox v. State,* 68 Ga. 294, it was held that the exercise of the court's discretion in refusing to reopen a case would not be reversed "unless decided injustice has been done thereby." In cases of doubt, however, that discretion should be used in favor of the liberty and due process rights of the citizen. We accordingly reverse and remand for a new trial.

2. The remaining enumeration of error need not be passed upon since the specific situation is not likely to recur. See in this regard *Mize v. State,* 131 Ga. App. 538 (2) (206 SE2d 530) and citations; *Ingram v. State,* 97 Ga. App. 468, 487 (103 SE2d 666); *Brown v. State,* 110 Ga. App. 401 (138 SE2d 741).

*Judgment reversed. Eberhardt, P. J., and Stolz, J., concur.*

Submitted September 6, 1974 — Decided October 16, 1974 — Rehearing denied October 30, 1974 — 

*Fred Raskin,* for appellant.
*James C. Abbot, Solicitor,* for appellee.