### 65552. SCOTT v. THE STATE.

SHULMAN, Chief Judge.

Appellant was tried before a jury and convicted of armed robbery. OCGA § 16-8-41 (a) (Code Ann. § 26-1902). He enumerates three errors on appeal.

Appellant was arrested in his automobile near a convenience store shortly after the store was robbed. A witness noticed that appellant's car was parked in an unusual place behind the store shortly before the robbery. An officer, responding to a robbery in progress call, approached the store as the perpetrator (co-indictee Miller) was exiting. As the officer saw the perpetrator leave the store, he noticed appellant's car pulling away, stopped it, and placed appellant under arrest. As Miller was exiting the store premises, he dropped a bag containing the stolen money and a sawed-off shotgun. The owner of the gun testified that he had loaned the gun to appellant. Appellant admitted driving to the vicinity of the convenience store with Miller but denied any knowledge of the robbery.

1. Appellant's first enumeration of error challenges the sufficiency of the evidence to sustain his conviction. We have

reviewed the trial transcript and find that the state produced sufficient evidence, though circumstantial, from which a rational trier of fact could have found appellant guilty beyond a reasonable doubt of the offense charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); OCGA § 16-2-20 (Code Ann. § 26-801).

2. The next enumeration also relates to the alleged failure to properly disclose the name of Nathaniel Sagoes. Appellant moved to reopen the evidence in order to impeach Sagoes by admitting into evidence a copy of his prior plea of guilty to a burglary charge. The motion was based on the argument that it was not until Sagoes testified and revealed his actual name that appellant was able to discover his prior criminal record. However, appellant's counsel admitted that she interviewed Sagoes prior to trial and that he informed her that he was "Nathaniel Sagoes," which is the name he gave at trial. It is clear that appellant cannot claim surprise or harm as the result of the state's alleged misspelling of Sagoes' name.

"[T]he trial judge is clothed with a very broad discretion in the matter of allowing additional evidence at any stage of a trial, and his decision in this regard will not be interfered with except where it appears there has been an abuse of this discretion." *Flynt v. State,* 153 Ga. App. 232, 244 (264 SE2d 669). We find no abuse of discretion in the trial court's refusal to allow appellant to reopen his case. This enumeration is, accordingly, without merit.

3. The remaining enumeration is based on the alleged failure of the state to comply with appellant's Brady motion (Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215)) by orally disclosing one state's witness as "Nathaniel Sago" rather than his real name of Nathaniel Sagoes. As can be seen from the foregoing division, appellant's claim of harmful error in connection with his Brady motion is without substantive merit.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 7, 1983.

*Celest F. Owens,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, John M. Turner, Margaret V. Lines, Assistant District Attorneys,* for appellee.