68245. BUFFINGTON v. THE STATE.

CARLEY, Judge.

Appellant was tried before a jury and found guilty of conspiracy to commit murder. She appeals from the judgment of conviction and sentence entered on the guilty verdict.

1. Appellant enumerates the general grounds as error. The evidence admitted at trial was as follows: The State's main witness, Theodore Weston, testified that he first met appellant when he went to appellant's home for a tarot card reading. During a subsequent visit by Weston to appellant's home, appellant solicited Weston's assistance in killing her husband, Carl Edward Buffington. Appellant offered Weston $500 "upfront" and $5,000 after the "insurance companies paid off." Weston agreed, and appellant gave him $470, "thirty hits of speed," and a pistol. After making specific arrangements with appellant, Weston went to the Buffingtons' house on three occasions for the purpose of killing Mr. Buffington. Weston was never successful. However, on the third occasion, Weston committed an overt act in furtherance of the conspiracy when he entered the house with the gun and stood over Mr. Buffington while he was asleep. However, Weston saw headlights through the window, and fled. Several months later Weston heard that Mr. Buffington had been killed. Fearing that he would be charged with the homicide, Weston disclosed to the police his earlier agreement with appellant to murder Mr. Buffington. Weston agreed to cooperate with the police, and consented to contact appellant and to wear a hidden electronic device to record their conversations. Under the pretense of returning the "upfront" money that appellant had paid him, Weston arranged several meetings with appellant. During their taped meetings, appellant made several incriminating statements concerning the unsuccessful conspiracy to murder Mr. Buffington, which statements corroborated Weston's testimony. Appellant also made statements on the tapes concerning her involvement in Mr. Buffington's subsequent death. The tape recordings were admitted into evidence. At trial, appellant denied any participation in any scheme with Weston to kill Mr. Buffington, and contended that the money Weston gave her during their meetings was a repayment of a loan she had made him. She further stated that she feared Weston, and only led him to believe that she was involved in her husband's death so that Weston would leave her alone. The evidence was sufficient to enable a rational trior of fact to find appellant guilty beyond a reasonable doubt of conspiracy to commit murder. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Orkin v. State*, 236 Ga. 176 (223 SE2d 61) (1976); OCGA § 16-4-8.

2. Appellant enumerates as error the admission, over hearsay objection, of Mr. Weston's testimony to the effect that appellant had told Weston's former wife that Mr. Buffington was dead. Assuming that the admission of such testimony was error, it was harmless because "other testimony to the same effect and of like nature was introduced without objection." *Sapp v. Callaway*, 208 Ga. 805 (69 SE2d 734) (1952). See also *Cloer v. Life &c. Ins. Co.*, 222 Ga. 798 (152 SE2d 857) (1966); *Wolfson v. Rumble*, 121 Ga. App. 549 (174 SE2d 469)

(1970).

3. During trial, Rachelle Espinosa, appellant's daughter, was called to testify concerning the events surrounding one of Weston's aborted attempts to kill appellant's husband. The State's attorney attempted to impeach the witness by proving a contradictory statement previously made by her. Appellant asserts that the trial court erred in allowing the prior contradictory statement into evidence because a proper foundation for its proof had not been laid.

OCGA § 24-9-83 provides in pertinent part as follows: "A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case. Before contradictory statements may be proved against him, unless they are written statements made under oath in connection with some judicial proceedings, the time, place, person, and circumstances attending the former statements shall be called to his mind with as much certainty as possible. . . ." In the instant case, the witness was asked on cross-examination whether she recalled talking to Lt. Carlton Morris of the Cobb County Police Department on the first or second of October. Thus, we find that the time, place and person to whom the statement was made were called to the witness' mind with sufficient certainty and that the foundation for its subsequent proof was thus laid.

4. Appellant enumerates as error the overruling of her objection to the State's asking of leading questions of one of its witnesses during redirect examination. " 'The court may, in the exercise of its discretion, permit a party calling a witness to propound leading questions.' [Cit.]" *Haralson v. State,* 234 Ga. 406, 407 (1) (216 SE2d 304) (1975). " 'A judge is given latitude and discretion in permitting leading questions, and unless there has been an abuse thereof, resulting in prejudice and injury, there is no reversible error. [Cits.]' [Cits.]" *English v. State,* 234 Ga. 602, 603 (2) (216 SE2d 851) (1975). Following a review of the transcript, we find no abuse of the trial court's discretion which resulted in prejudice and injury to appellant. See *Hamby v. State,* 158 Ga. App. 265 (279 SE2d 715) (1981).

5. Appellant filed a pretrial motion in limine to exclude any evidence concerning the circumstances surrounding Mr. Buffington's death. Apparently, the trial court ruled that the State could not comment on the facts surrounding the death in its opening statement, but that during the trial it would not be precluded from offering evidence concerning the death. During trial, the State introduced evidence in the form of testimony and tape recordings which implicated appellant in her husband's death. Appellant asserts that the denial of her motion in limine and the resulting admission of such evidence impermissibly placed her character into evidence.

"The evidentiary rule incorporated in [OCGA § 24-2-2] is to the effect that, on a prosecution for a particular crime, proof of a distinct,

independent, and separate offense, even though it be a crime of the same sort, is never admissible *unless there is some logical connection between the two, from which it can be said that proof of the one tends to establish the other.*" (Emphasis in original.) *Thomas v. State,* 239 Ga. 734, 736 (5) (238 SE2d 888) (1977). "Where acts, either prior or subsequent, closely connected in point of time, tend to show motive, intent, and state of mind on the part of the defendant regarding the offense for which he is on trial, and thus tend to prove the charge at issue, they are admissible although they incidentally at the same time show other criminal or unfavorable conduct. [Cits.] Evidence is also admissible to show other attempts to perpetrate the same offense on the same victim. [Cit.]" *Barber v. State,* 95 Ga. App. 763, 764 (98 SE2d 575) (1957).

Evidence of a subsequent successful conspiracy by appellant to murder Mr. Buffington had a logical connection to the crime for which she was being tried. Such evidence tends to show intent and state of mind, and certainly tends to establish conspiracy to murder the same victim. *Barber v. State,* supra; *Thomas v. State,* supra; *State v. Johnson,* 246 Ga. 654 (272 SE2d 321) (1980). Accordingly we find no error in the denial of appellant's motion in limine and the admission of evidence concerning appellant's involvement in her husband's subsequent death.

6. Appellant asserts that the trial court erred in denying her motion to reopen the evidence in order to allow an additional witness to testify for the defense. The evidence shows that following the State's closing argument, appellant's counsel stated that a spectator in the courtroom, James Pressley, had just provided him with information that tended to impeach the credibility of the State's main witness, Weston. The proffer of Pressley's testimony was to the effect that Weston's motive for testifying against appellant was revenge. Pressley testified that he had read about the case in the newspaper several weeks ago and had then realized that he had once met Weston in a local bar. At that meeting, Weston had told Pressley that appellant owed him money but would not pay him, and that "he would like to get even with [appellant] and in some way involve her in the case."

" 'Reopening evidence is in the sound discretion of the trial court and will not be disturbed when no abuse of discretion is shown.' " *Davis v. State,* 242 Ga. 901, 907 (252 SE2d 443) (1979). Appellant asserts that the trial court failed to *exercise* his discretion in this matter. See *Penn v. Ga. Southern & Fla. R. Co.,* 129 Ga. 856 (60 SE 172) (1907). However, appellant's contention is not supported by the transcript. The trial court denied appellant's motion to reopen the evidence because Pressley had "read about this [case] in the Marietta Journal some time ago and [is] just now coming at the end of the trial," and also because of "the tapes that are in [evidence]." The trial

court clearly exercised its discretion in this matter, and we find that no abuse of that discretion has been shown. See *Scott v. State*, 166 Ga. App. 240 (304 SE2d 89) (1983); *Jerdine v. State*, 137 Ga. App. 811 (224 SE2d 803) (1976).

7. Appellant asserts that, under the charge as given, the jury could not have determined the offense with which she was charged, and might erroneously have been led to believe that she was charged with murder. The record reveals no basis for this assertion. The trial court instructed that appellant was "charged with the offense of conspiracy to commit murder." The jury was also instructed as follows: "Now, during the progress of this trial, there has been mention made of the death of Mr. Buffington. You, as the jury, are in no way concerned with that matter. It's a matter for another court and another jury in another county. You should not consider evidence of that murder, if there be any on this case, and if there be such evidence and you feel that in some way the defendant now on trial is related to that matter, then you should dismiss those feelings from your mind in considering this case. The only thing you are to deliberate upon is the charge of conspiracy to commit murder."

We find that the instructions were not given in a manner which would confuse the jury as to the crime with which appellant was charged. See generally *Evans v. State*, 138 Ga. App. 460 (226 SE2d 303) (1976).

8. Appellant enumerates as error the trial court's charge on the definition of murder. After the jury had been charged and had retired, the assistant district attorney objected to the jury charge on the ground that it had not included instructions as to the definition of murder. The jury was recalled and the trial court gave two additional instructions. In doing so, the trial court stated, "[n]ext, I'm going to define murder. Since this is a conspiracy to commit murder, I'll define the crime of murder in this state, as found in Georgia Code Section 16-5-1. A person commits the offense of murder when he unlawfully and with malice aforethought, either express or implied, causes the death of another human being." Appellant contends that the trial court improperly expressed its opinion that conspiracy to commit murder had in fact been proven. See OCGA § 17-8-55.

In order to determine whether a portion of a charge improperly expressed an opinion on the facts, the whole charge may be considered. *Mitchell v. State*, 190 Ga. 571, 572 (3) (9 SE2d 892) (1940). " 'It is only "when the charge of the court assumes certain things as facts, and is in such shape as to intimate to the jury what the judge believes the evidence to be," that the rule of the statute [OCGA § 17-8-55] is infringed.' [Cits.]" *Mitchell v. State*, supra at 572. Following a careful review of the charge as a whole, we find that the trial court did not intimate its opinion that the evidence showed that appellant was

guilty of the crime. The trial court merely stated that this case was one in which the appellant was charged with conspiracy to commit murder. See *Claybourn v. State*, 190 Ga. 861, 871 (4) (11 SE2d 23) (1940). Compare *Coleman v. State*, 211 Ga. 704, 705 (5) (88 SE2d 381) (1955), where the trial court charged that "the evidence shows that there was a robbery and a robbery by force."

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 5, 1984.

*J. Alfred Johnson, Mike Treadaway,* for appellant.

*Frank C. Winn, District Attorney, Richard S. Thompson, Assistant District Attorney,* for appellee.