## S96A1403. CARRUTH v. THE STATE.
### (476 SE2d 739)

CARLEY, Justice.

A jury found John Dexter Carruth guilty of malice murder and attempted armed robbery. After entering judgments of conviction, the trial court imposed a life sentence for the murder and a ten-year sentence for the attempted armed robbery. The trial court denied Carruth's motion for new trial and he appeals from the judgments of conviction and sentences entered on the jury's guilty verdicts.[1]

During the trial, the State called Gary Harper as one of its witnesses. Harper testified that Carruth shot the victim. After the close of the evidence, but before closing arguments and the jury charge, Carruth moved to reopen the evidence so as to call Rosemary Harper as a defense witness. Ms. Harper had been in the courtroom and, after hearing Harper's testimony inculpatory of Carruth, she contacted defense counsel and offered to testify that Harper had made a prior inconsistent statement implicating someone other than Carruth as the shooter. After conducting a hearing, the trial court denied the motion and that is the only ruling which Carruth enumerates as error on appeal.

Whether to reopen the evidence is a matter which rests within the sound discretion of the trial court. *Carter v. State,* 263 Ga. 401, 402 (2) (435 SE2d 42) (1993). A trial court's ruling in this regard will not be reversed in the absence of an abuse of discretion. *Page v. State,* 249 Ga. 648, 651 (2) (c) (292 SE2d 850) (1982). Whether there has

---

[1] The crimes were committed on March 14, 1994 and Carruth was indicted for those crimes during the April 1994 term of court. On October 18, 1995, the guilty verdicts were returned and, on that same day, the judgments of conviction were entered and the sentences were imposed. The motion for new trial was filed on October 25, 1995 and was denied on February 12, 1996. Carruth's notice of appeal was filed on March 7, 1996 and the case was docketed in this Court on May 24, 1996. The appeal was submitted for decision on July 15, 1996.

been a reversible abuse of discretion requires a consideration of the totality of the circumstances. *Gresham v. State*, 204 Ga. App. 540, 542 (2) (420 SE2d 71) (1992).

Here, the purported impeachment evidence did not relate to matters occurring only after Harper's sworn testimony. Compare *Hollins v. State*, 133 Ga. App. 183 (1) (210 SE2d 354) (1974) (offer of State's witness to impeach herself by recanting her prior testimony). Instead, Ms. Harper offered to impeach Harper by testifying to an inconsistent statement he allegedly made prior to testifying. Accordingly, it is only if the defense had no reason to know of Harper's purported pre-trial inconsistent statement that Ms. Harper's belated proffer truly could be characterized as a surprise which could not have been discovered prior to the close of the evidence. See *Scott v. State*, 166 Ga. App. 240, 241 (2) (304 SE2d 89) (1983). Ms. Harper was the first cousin of both Carruth and Harper and, according to her, Harper had "been telling the whole family the whole time the incident took place [Carruth] didn't do it, [Carruth] didn't do it. He been telling everybody, anybody and everybody." However, Ms. Harper did not come forward when Harper first was identified as a witness for the State, rather than for Carruth. Even after hearing Harper's actual inculpatory testimony, Ms. Harper still did not come forward until after the close of the evidence. Moreover, defense counsel offered no explanation why Ms. Harper or some other member of the family having knowledge of the purported exculpatory statement attributed to Harper had not been identified previously as a potential defense witness. See *Johnson v. State*, 254 Ga. 591, 597 (8) (331 SE2d 578) (1985); *Killens v. State*, 184 Ga. App. 717, 721 (5) (362 SE2d 425) (1987); *Buffington v. State*, 171 Ga. App. 919, 922 (6) (321 SE2d 418) (1984). According to the State, the delay in identifying Ms. Harper as a defense witness until after the close of the evidence left it without the means to rebut her proposed testimony. See *Castell v. State*, 250 Ga. 776, 790 (9) (301 SE2d 234) (1983). Under the totality of these circumstances, we find no abuse of discretion requiring reversal of the trial court's denial of Carruth's motion to reopen the evidence.

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 21, 1996.

*Donna L. Avans,* for appellant.

*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney, Michael J. Bowers, Attorney General, Allison Goldberg, Assistant Attorney General,* for appellee.