## A97A1913. BLANKENSHIP v. THE STATE.
(494 SE2d 758)

Judge Harold R. Banke.

Marvin Blankenship was acquitted of kidnapping and convicted of simple assault.[1] On appeal, he challenges the denial of his motion for mistrial.

The evidence, when viewed in a light to support the verdict, showed that after Blankenship unexpectedly appeared at his estranged wife's office, she accompanied him to her apartment so that he could retrieve some of his personal belongings. After Blankenship and his wife became embroiled in an argument, she left to contact police. When Officer Terry Blackmer responded to the scene, the victim warned that Blankenship had been drinking, was likely on crack cocaine, was violent and destroying things inside. She advised "approach[ing] [Blankenship] with caution." As the two officers confronted Blankenship, he kept his right hand concealed behind his back. After repeated requests, he finally brought his hand around revealing a box cutter with its blade exposed and began screaming belligerently. Both officers retreated and repeatedly entreated him to drop his weapon. Ignoring their multiple requests, Blankenship continued advancing toward the officers waving the blade. When Blankenship cornered the officers, they shot him in the legs. Blankenship was indicted for kidnapping his estranged wife from her office, aggravated assault on a police officer, and simple assault on another officer. At trial, the victim, who had reconciled with Blankenship and was living with him, provided somewhat equivocal testimony about the events.

During the State's examination of its first witness, a detective who interviewed the victim, the State and Blankenship discovered the existence of a handwritten statement by the victim which had been made nearly simultaneously with an audiotaped interview. According to the prosecutor, he did not realize a written statement existed until a photograph which depicted the victim writing on a piece of paper was admitted into evidence without objection. Blankenship moved for a mistrial and a continuance based on the State's failure to comply with his discovery requests. After hearing the State's explanation, the trial court was unable to find any bad faith and observed, "I really can't see how it [the handwritten statement] can prejudice you; in that if it's consistent with the audio, it's cumulative; and if it's inconsistent, it's to your advantage. So I see no prejudice." The court granted Blankenship a continuance until the next morning and did not require that counsel cross-examine the

---

[1] After the jury was unable to reach a verdict on the aggravated assault count, the State agreed not to retry him.

detective until he had an opportunity to review the statement as well as to interview the victim. *Held*:

In his sole enumeration of error, Blankenship contends that the trial court erred in denying his motion for a mistrial. When the State fails to comply with the discovery statute, "the court may order the state to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances." OCGA § 17-16-6. In enacting this statute, the legislature did not impose a rigid formulation or grant an exclusive remedy for a defendant or a fatal consequence to the State for failure to comply with the discovery mandates. Instead, it cloaked the trial court with the discretion to use its own judgment to ensure a fair trial. See *Hammitt v. State*, 225 Ga. App. 21, 22 (482 SE2d 437) (1997) (physical precedent only).

Here, the trial court determined that a continuance was the appropriate remedy. Compare *Livingston v. State*, 266 Ga. 501, 503 (1) (467 SE2d 886) (1996). Under these circumstances, we are unable to conclude that the trial court abused its discretion in refusing to grant a mistrial. *Tucker v. State*, 222 Ga. App. 517, 518 (3) (474 SE2d 696) (1996).

Notwithstanding Blankenship's contention to the contrary, in order to trigger the harsh sanction under OCGA § 17-16-6, of excluding evidence improperly withheld from the defense, there must be a showing of prejudice to the defense and bad faith by the State. *Tucker*, 222 Ga. App. at 518 (3). Here, Blankenship failed to satisfy either requirement. The written statement was merely cumulative evidence that was virtually identical to the victim's audiotaped remarks played to the jury. Given the overwhelming evidence of the assault, in light of the victim's statements, as well as the officers' testimony, Blankenship cannot show the requisite prejudice. *Durham v. State*, 129 Ga. App. 5, 6 (3) (198 SE2d 387) (1973) (party seeking reversal must show not only error but injury arising from the error alleged). Nor was there any showing of bad faith on the part of the State.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 10, 1997.

*Patrick G. Longhi*, for appellant.
*Thomas J. Charron, District Attorney, Frank R. Cox, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.