## A97A1950. JONES v. THE STATE.
(495 SE2d 327)

BLACKBURN, Judge.

In this second appearance of his case, Danny Jones appeals his conviction for the sale of cocaine, contending that he was denied effective assistance of counsel at trial. For the reasons discussed below, we affirm.

In a prior unpublished opinion, we affirmed Jones' sentence and conviction for sale of cocaine, but remanded the case for a hearing on the issue of ineffective assistance of counsel. *Jones v. State*, Case No. A95A0071, July 5, 1995. On remand, the court held a hearing at which Jones testified in support of his claim of ineffective assistance; however, he did not call his attorney as a witness. Jones contends his trial attorney was ineffective because the attorney (1) "claimed to be ineligible" to practice law; (2) failed to call a witness helpful to the defense; (3) disclosed confidential information to the prosecution; (4) failed to preserve exceptions to the jury charge; and (5) failed to raise a chain of custody objection to the admission of cocaine evidence.

Generally, a defendant claiming ineffectiveness of counsel bears

the burden of proving that (1) his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) that a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Absent evidence to the contrary, an attorney in good standing is presumed effective. *Bradford v. State*, 221 Ga. App. 232 (471 SE2d 248) (1996). A trial court's determination that a defendant was not denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous. *Bevil v. State*, 220 Ga. App. 1 (467 SE2d 586) (1996).

1. Jones testified that his trial counsel told him he was "not eligible to practice law" on his own at the time of trial. What this testimony means is unclear. "Ineligible" is not synonymous with "unlicensed." Nor is Jones' testimony the best evidence of his attorney's standing with the State Bar. Therefore, we cannot address whether Jones was per se deprived of "counsel" within the meaning of the Sixth Amendment. See *Solina v. United States*, 709 F2d 160 (2nd Cir. 1983); see also *Garland v. State*, 235 Ga. 522 (221 SE2d 198) (1975). Moreover, because there is no evidence that counsel's "ineligibility" rendered his performance deficient or resulted in prejudice to Jones' defense, the trial court did not err in declining to find counsel ineffective for this reason. See *United States v. Hoffman*, 733 F2d 596 (9th Cir. 1984).

2. Regarding the remaining allegations of ineffective assistance, Jones has not carried his burden of proving either a defect in his counsel's performance or resulting prejudice to his case.

(a) Jones claims a "helpful" witness was available but that counsel failed to call him. However, because Jones does not explain what that witness' testimony would have been or what purpose the witness would have served, we can conclude only that counsel's decision not to call the witness was sound trial strategy. *Robinson v. State*, 210 Ga. App. 278, 279 (3) (435 SE2d 718) (1993).

(b) Jones also speculates that his attorney must have divulged to the prosecution that a gin bottle from which he was drinking on the night of his arrest was half full. Assuming the attorney disclosed a confidence, the "breach of an ethical standard does not necessarily make out a denial of the Sixth Amendment guarantee of assistance of counsel." (Punctuation omitted.) Id. at 281 (4). Because Jones fails to explain why the alleged disclosure of this information was harmful or even remotely relevant to his defense, he has not carried his burden of showing prejudice. Id.

(c) Jones also claims his attorney failed to properly reserve exceptions to the jury charge. However, Jones does not demonstrate nor does he contend that any of the charges were erroneous. Conse-

quently, no prejudicial error has been urged or proven. *Lloyd v. State*, 214 Ga. App. 564, 569 (2) (448 SE2d 729) (1994).

(d) Finally, Jones argues that his attorney was deficient in failing to object to the admission of cocaine evidence because there was a potential chain of custody problem which was not adequately explored. We have reviewed the trial transcript and are unable to identify this "potential" problem. Moreover, Jones has provided no reference to the record, no substantive argument, and no citation of authority in support of this claim. Therefore, it is deemed abandoned. Court of Appeals Rule 27 (c).

The trial court's determination that Jones received effective assistance of counsel was not clearly erroneous. Accordingly, we affirm the order of the trial court denying Jones' motion for new trial.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 22, 1997.

*Billy M. Grantham*, for appellant.

*J. Brown Moseley, District Attorney, Robert R. Auman, John A. Warr, Assistant District Attorneys*, for appellee.