## A98A1614. PEEPLES v. THE STATE.
### (507 SE2d 197)

RUFFIN, Judge.

A jury found Spencer Peeples guilty of possessing cocaine and obstructing an officer. Peeples appeals from the judgment of conviction and the denial of his motion for new trial. We affirm.

1. Peeples asserts that the trial court erred in denying his motion to suppress. We disagree. In our review of the trial court's order denying Peeples' motion to suppress, we construe the evidence most favorably to uphold the court's ruling. *Mao v. State*, 222 Ga. App. 482, 483 (474 SE2d 679) (1996). It is the trial court's duty to resolve conflicts in the evidence, and its findings of credibility and fact will not be disturbed on appeal unless they are clearly erroneous. Id.

Viewed in this light, the evidence shows that at approximately 8:00 on the evening of his arrest, Peeples was arguing with three men over the use of a pay telephone located in front of a convenience store. Scott Gibson, who witnessed the argument, testified that Peeples wanted "to use the telephone or something, and the other three fellows were using it and didn't want to give the phone up." Peeples, who had a bottle of beer, became upset, shook the beer bottle and sprayed the men with his beer. According to Gibson, a fight ensued and "[t]he three males proceeded to whip Mr. Peeples." After knocking Peeples to the ground the three men attempted to leave, but Peeples jumped up, screamed that he would "whoop [their] ass," and attacked the men again. Gibson testified that the three men attempted to leave four or five times and each time Peeples got up and attacked them. All three men eventually retreated to their car and drove away.

A few minutes later, Cobb County Police officers arrived on the scene where they found Peeples, covered in blood, pacing in front of the store. While one officer spoke to Gibson about what he had witnessed, a second officer, Matthew Nerbonne, questioned Peeples about the incident. Officer Nerbonne testified that although he was just trying to figure out what was going on because Peeples was injured, Peeples became very disorderly and argumentative. When the two officers attempted to discuss the situation amongst themselves, Peeples started yelling and interfering.

Shortly thereafter, a radio transmission reported that there was an arrest warrant for Peeples in Cobb County. Officer Nerbonne testi-

fied that when they told Peeples he was under arrest, "he started resisting." Nerbonne described the resistance as follows: Peeples was "pulling away . . . trying to get away. . . . I wrestled with him away from the store and pushed him up against the car, at which time we tried to handcuff him. He continued to resist, pulling his arms away." Three officers eventually restrained and handcuffed Peeples. When the officers searched Peeples after his arrest, they found a pipe containing cocaine residue in his pocket and another pipe, also containing cocaine residue, in a duffle bag he was carrying. Peeples moved to suppress evidence of the cocaine on the ground that the search followed an arrest unsupported by probable cause. The transcript shows, however, that "[a]t the moment the arrest was made, [Officer Nerbonne] knew that a valid bench warrant had been issued for [Peeples'] arrest. [Cit.] 'The radio transmission, which confirmed the outstanding warrant[ ], established the necessary probable cause to arrest [Peeples]. (Cit.)' [Cit.]" *Harvey v. State*, 266 Ga. 671, 672 (469 SE2d 176) (1996). Accordingly, we find no merit in Peeples' contention that the officers did not have probable cause to arrest him. See id.

In this same enumeration of error, Peeples asserts that the trial court erred in denying his demurrer to the indictment because the indictment alleged that he was "struggling with the officers" and that such conduct does not constitute an offense under Georgia law. "When, as here, an appellant asserts more than one error within a single enumeration, this court in its discretion may elect to review none, or one or more, of the errors asserted in the single enumeration." (Citations and punctuation omitted.) *Norris v. State*, 227 Ga. App. 616, 619 (3) (489 SE2d 875) (1997). We decline to address this additional assertion. See id.

2. Peeples asserts that the trial court erred in denying his motion for a continuance to review a patrol car videotape of his arrest. The record shows that Peeples requested discovery of any videotapes in the State's possession. The State did not produce any tapes, and during the pretrial motions hearing Peeples again inquired about the existence of such a tape. When the prosecutor responded that he did not know if one existed, the trial judge instructed him to check with the arresting officers. The following morning, while the court was still hearing pretrial motions, the prosecutor stated that the arresting officer found a tape of the arrest. The court recessed proceedings while Peeples and his trial counsel viewed the tape. After viewing the tape, Peeples argued that the State's failure to produce the tape was a discovery violation and that the tape contained exculpatory evidence. Peeples requested a continuance until "later on in the week" to determine whether portions of the tape should be redacted because they brought his character into evidence.

After a lunch recess, during which time the court gave Peeples another opportunity to review the tape, Peeples argued that unless he had more time to study the tape, he could not incorporate the evidence on the tape into his opening statement or effectively cross-examine the State's witnesses. The trial court again recessed the proceedings and gave Peeples another opportunity to view the tape.

Following this latest recess, the court announced that although it was proceeding with the trial that afternoon, it would not start the following day until 1:30 to give Peeples more time to review the tape. The court further barred the State from introducing the tape into evidence. The State also acquiesced in Peeples' request that the State's witnesses remain available for cross-examination throughout the trial.

Two days later, after the State presented its case, Peeples moved the court to allow him to introduce a redacted version of the tape. The trial court denied the motion, stating: "I think you have a lot to use for cross-examination if you choose to do so. I'm going to just let the original tape be played as it is and not redact any portions." Peeples rested his case without introducing the tape.

The remedies for the State's failure to timely provide Peeples with a copy of the tape are provided under OCGA § 17-16-6. That Code section authorizes the trial court to " 'order the state to permit the discovery or inspection . . . grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed . . . , or may enter such other order as it deems just under the circumstances.' " "In enacting this statute, the legislature did not impose a rigid formulation or grant an exclusive remedy for a defendant or a fatal consequence to the State for failure to comply with the discovery mandates. Instead, it cloaked the trial court with the discretion to use its own judgment to ensure a fair trial. [Cit.]" *Blankenship v. State*, 229 Ga. App. 793, 794 (494 SE2d 758) (1997). "While the appellate courts have a duty to ensure that defendants are not brought to trial with such haste that the defense is prejudiced, we also have a duty to prevent defendants from delaying proceedings by frivolous motions and requests. 'For this reason, (appellate courts) will find the denial of requests for continuance in situations such as this to be error only with great reluctance.' [Cit.]" *Livingston v. State*, 266 Ga. 501, 503 (1) (467 SE2d 886) (1996).

In this case, though we do not believe that Peeples' motion for continuance was frivolous, we also conclude the trial court did not abuse its discretion by refusing to continue the trial of the case. It is unclear from the record exactly how Peeples was prejudiced by the trial court's denial of his motion for a continuance; he has not shown what he would have accomplished if he was provided more time. Moreover, the trial court accommodated most of Peeples' concerns by

allowing him some additional time to review the tape, prohibiting the State from introducing the tape and allowing Peeples to introduce the tape at his discretion. Likewise, the State addressed Peeples' concerns regarding his cross-examination of the State's witnesses by making all of its witnesses available for cross-examination throughout the trial.

As with his first enumeration of error, Peeples asserted error here which he did not enumerate as error. We decline to address these additional assertions. See *Norris*, supra.

3. Peeples asserts his trial counsel was ineffective because he failed to introduce the videotape into evidence. " 'The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' *Strickland v. Washington*, 466 U. S. 668, 686 (104 SC 2052, 80 LE2d 674) (1984). First, [Peeples] must prove that trial counsel's performance was deficient. Second, he must show that but for trial counsel's deficiencies, there is a reasonable probability that the results of the trial would have been different." *Jones v. State*, 263 Ga. 835, 837 (2) (439 SE2d 645) (1994). "A trial court's determination that a defendant was not denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous. [Cit.]" *Jones v. State*, 230 Ga. App. 65, 66 (495 SE2d 327) (1997).

In this case, Peeples has not shown that trial counsel's performance was deficient. During the motion for new trial hearing, trial counsel testified that he did not introduce the tape into evidence because "you can clearly hear Mr. Peeples saying something like I'm on parole. Either he was saying that or the police were saying that. . . . And although it looked pretty good in some respects, it also opened some issues that I just didn't want — in combination with the way he was acting and his temper not looking too good on the tape, the fact that he admits that he's on parole or the radio says he's on parole, I just didn't think it was useful. That's why I wanted it redacted; that part redacted."

It is clear from this testimony that trial counsel's decision to not introduce the tape into evidence was part of his trial strategy. See *Luallen v. State*, 266 Ga. 174 (3) (b) (465 SE2d 672) (1996). Under these circumstances, we find that the trial court's determination that Peeples received effective assistance of counsel was not clearly erroneous. See id.; *Jones*, 230 Ga. App. at 66.

4. Peeples asserts that the trial court erred in admitting into evidence testimony that there was an outstanding warrant for his arrest because the testimony impermissibly placed his character into evidence. We disagree.

"The reference to the 'warrant' was part of the circumstances

surrounding [Peeples'] arrest. All circumstances surrounding an arrest are admissible for whatever value the jury desires to place on them. Where evidence may incidentally put character in issue or be prejudicial it may be admitted if otherwise relevant. The warrant, as a circumstance of the arrest, was certainly relevant to the issues on trial as required by *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982)." (Citations and punctuation omitted.) *Coney v. State*, 198 Ga. App. 272, 273-274 (3) (401 SE2d 304) (1991).

5. Peeples asserts that the trial court erred in reopening the evidence after his motion for directed verdict to allow the State to introduce additional testimony. The transcript shows the State introduced the testimony of the state crime lab forensic chemist who tested the substance found in the pipes as part of its case. During his examination of the chemist, the prosecutor established that the chemist tested the substance, but failed to elicit any testimony concerning the results of the test. At the close of the State's case, Peeples moved for a directed verdict on the ground that the State failed to establish that the substance was cocaine. The trial court subsequently granted the State's motion to reopen its case, whereupon the chemist testified that the substance was cocaine.

" 'Whether to reopen the evidence is a matter which rests within the sound discretion of the trial court. [Cit.] A trial court's ruling in this regard will not be reversed in the absence of an abuse of discretion. [Cit.] Whether there has been a reversible abuse of discretion requires a consideration of the totality of the circumstances. [Cit.]' [Cit.]" *Jackson v. State*, 230 Ga. App. 292, 296 (7) (496 SE2d 315) (1998).

Under the circumstances of this case, we do not find such an abuse of discretion. The record shows that the indictment identified the forensic chemist as a witness for the State and that approximately six months before trial the State furnished Peeples with a copy of the chemist's report which identified the substance as cocaine. Peeples' ability to present a defense was clearly not prejudiced by the court's action. See *Gooch v. State*, 155 Ga. App. 708 (1) (272 SE2d 572) (1980). Accordingly, we find that the trial court did not abuse its discretion by reopening the evidence. See id.

6. Finally, Peeples asserts that the evidence was insufficient to sustain his conviction. We disagree. As we concluded in Division 1, evidence of the cocaine was properly admitted by the trial court, and the evidence supporting Peeples' conviction for obstructing an officer was sufficient for any rational trier of fact to find him guilty beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hardwick v. State*, 210 Ga. App. 468 (1) (436 SE2d 676) (1993).

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 18, 1998.

*John R. Greco*, for appellant.
*Benjamin F. Smith, Jr., District Attorney, Bruce D. Hornbuckle, Debra H. Bernes, Assistant District Attorneys*, for appellee.