DECIDED SEPTEMBER 25, 2003.

*Lane & Jarriel, Thomas F. Jarriel*, for appellant.
*Edward N. Davis*, for appellees.

## A03A2015. PAINTER v. THE STATE.
(587 SE2d 867)

BLACKBURN, Presiding Judge.

A jury found Thomas Russell Painter guilty of driving under the influence.[1] Painter appeals, contending that the trial court erred in allowing the State to reopen its evidence after resting its case. For the reasons set forth below, we affirm.

On February 28, 2002, Officer Travis Huffman of the Fannin County Sheriff's Department arrested Painter for driving under the influence. Huffman testified that he had witnessed another police officer, Brian Jones, begin reading the implied consent notice required by OCGA § 40-6-392 (a) (4) to Painter, but did not witness Jones complete giving the implied consent notice to Painter. Although he was listed on the accusation as a witness, Jones was not present in court when the trial began. The State rested its case without calling Jones to testify.

Painter moved for a directed verdict after the State rested its case, contending that the State had not introduced sufficient evidence that he was given the required implied consent notice. The trial court denied Painter's motion for a directed verdict and allowed the State to locate Jones during the lunch recess. Upon reconvening, the trial court granted a motion by the State to reopen its case. The State then called Jones, who testified that he had read the entire implied consent notice to Painter.

"The trial court is vested with broad discretion in allowing a party to reopen its case and present evidence." *Aikens v. State*.[2] "A trial court's ruling in this regard will not be reversed in the absence of an abuse of discretion." *Carruth v. State*.[3] "Whether there has been a reversible abuse of discretion requires a consideration of the totality of the circumstances." Id.

Jones was listed as a witness on both the citation issued to Painter on the date of his arrest and the accusation later issued to

---

[1] OCGA § 40-6-391 (a) (1), (5).
[2] *Aikens v. State*, 194 Ga. App. 195, 196 (2) (390 SE2d 102) (1990).
[3] *Carruth v. State*, 267 Ga. 221 (476 SE2d 739) (1996).

Painter. Painter could anticipate that Jones would be called to testify. "In the absence of a showing that the appellant's ability to present a defense was prejudiced by the court's action, we find no abuse of that discretion in this case." *Gooch v. State.*[4] See *Peeples v. State.*[5]

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED SEPTEMBER 25, 2003.

*James L. Bass*, for appellant.

*Roger G. Queen, District Attorney, Albert H. Tester, Assistant District Attorney*, for appellee.

---

[4] *Gooch v. State*, 155 Ga. App. 708, 709 (1) (272 SE2d 572) (1980).

[5] *Peeples v. State*, 234 Ga. App. 454, 458 (5) (507 SE2d 197) (1998).