A05A1710. PIERCE v. THE STATE.
(618 SE2d 700)

BLACKBURN, Presiding Judge.

Following a jury trial, Chester Robin Pierce appeals his conviction for possessing methamphetamine, arguing that the court erred in (1) denying his motion to suppress evidence obtained during a search of his residence, (2) refusing to charge the jury on the question of consent to the search, (3) granting the State's motion to reopen the evidence to present the testimony of Pierce's co-defendant, and (4) denying his motion for continuance to research the law on impeachment. Discerning no error, we affirm.

---

[4] *Hawkins v. State*, 223 Ga. App. 34, 38 (1) (476 SE2d 803) (1996).

Construed in favor of the verdict, *Short v. State*,[1] the evidence shows that, acting on the tip of an anonymous caller, police knocked on the door to Pierce's residence to ask about the alleged presence of a methamphetamine lab on the premises. When asked, Pierce immediately denied any such lab and invited the police to search his residence and curtilage to confirm his statement. The police accepted the invitation and during the search discovered some methamphetamine manufacturing ingredients and some marijuana. When asked if any other drugs were in the home, Pierce pulled a bottle containing a liquid form of methamphetamine from underneath a sink and handed it to the officers.

Charged with manufacturing methamphetamine, possession of methamphetamine, and possession of marijuana, Pierce moved to suppress the evidence seized during the search of his home, arguing that he never consented to the search. Finding he did consent, the court denied the motion. A jury acquitted Pierce of the methamphetamine manufacturing and marijuana possession charges but found him guilty of the methamphetamine possession charge.

1. Pierce argues that the court erred in denying the motion to suppress since Pierce denied giving consent and significant evidence supported his testimony. Pierce's argument misapprehends the role of an appellate court in reviewing a trial court's ruling on a motion to suppress where there is disputed evidence. As stated in *Tate v. State*,[2] we construe the evidence most favorably to the trial court's ruling and must accept the trial court's findings on questions of fact and credibility if there is any evidence to support them.

So construed, the evidence shows that three police officers testified that Pierce freely and spontaneously invited them in to search his residence. Despite Pierce's contrary evidence, we must uphold the trial court's finding that consent was voluntarily given and that therefore the search was valid. See *Galvan v. State*[3] ("consent to search eliminates the need for both probable cause and a search warrant").

2. Pierce next contends that the trial court erred in refusing to give his requested jury charge that the jury was to decide whether consent to the search was given and thus whether the search was valid. This issue, however, is solely the province of the trial judge on a motion to suppress and is not a question for the jury. *Rogers v. State*.[4] Thus, we have consistently upheld a trial court's refusal to give a jury charge such as that requested by Pierce. See *Hamilton v. State*;[5] *Duffee v. State*.[6] We similarly uphold the trial court's refusal here.

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[2] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).
[3] *Galvan v. State*, 270 Ga. App. 282, 284 (605 SE2d 919) (2004).
[4] *Rogers v. State*, 155 Ga. App. 685, 686 (2) (272 SE2d 549) (1980).
[5] *Hamilton v. State*, 185 Ga. App. 749 (2) (365 SE2d 542) (1988).
[6] *Duffee v. State*, 184 Ga. App. 247, 248 (2) (361 SE2d 239) (1987) (physical precedent only).

3. Pierce urges that the trial court erred in granting the State's motion to reopen the evidence when Pierce's co-defendant offered to testify against Pierce after the State had rested but before the defendants had presented any evidence. Pierce argues that this ruling was "not in the interest of justice."

"The trial court is vested with broad discretion in allowing a party to reopen its case and present evidence." (Punctuation omitted.) *Painter v. State*.[7] Indeed, "[o]ur courts have been quite liberal in this regard." *Page v. State*.[8] "A trial court's ruling in this regard will not be reversed in the absence of an abuse of discretion." *Carruth v. State*.[9]

Here the new witness was Pierce's co-defendant and housemate, and thus he was always aware of her potential appearance as a witness. Since Pierce could have anticipated that she would testify, he has not shown that he was prejudiced by the court's decision to reopen the State's case and allow her testimony. See *Painter*, supra at 408. We discern no abuse of discretion here. Id.

4. Pierce claims that when the court decided to allow the testimony of his co-defendant, the court abused its discretion (*Martin v. State*)[10] by denying his motion for continuance. Pierce was allowed to interview the witness before she testified and was provided a copy of her criminal record. On appeal, he claims that the continuance motion was to allow him time to obtain certified copies of the co-defendant's convictions for impeachment purposes. See *Richards v. State*[11] (to impeach witness with prior conviction, authenticated copy of conviction is required).

The record reflects otherwise. The announced purpose of the motion was to allow Pierce time to do legal research to contradict the court's statement that certified copies of convictions would be required. We hold that the trial court did not abuse its discretion in denying a motion for continuance designed to allow a party additional time to educate itself on the law of evidence.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED JULY 27, 2005.

*Meng H. Lim*, for appellant.

---

[7] *Painter v. State*, 263 Ga. App. 407 (587 SE2d 867) (2003).

[8] *Page v. State*, 249 Ga. 648, 651 (2) (c) (292 SE2d 850) (1982).

[9] *Carruth v. State*, 267 Ga. 221 (476 SE2d 739) (1996).

[10] *Martin v. State*, 268 Ga. 682, 683 (2) (492 SE2d 225) (1997).

[11] *Richards v. State*, 157 Ga. App. 601, 603 (2) (278 SE2d 63) (1981).

*Donald N. Wilson, District Attorney, Carmen T. Bolden, Lee Ann de Grazia, Assistant District Attorneys*, for appellee.